■ In the Matter of the Claim of GEOFFREY HAINES, Respondent, v KIP SHELDON TRUCKING COMPANY et al., Appellants.

Workers' Compensation Board, Respondent. [762 NYS2d 181] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed December 5, 2001, which ruled that claimant sustained a causally related injury and awarded workers' compensation benefits.

While driving a tractor trailer in the course of his employment, claimant was involved in a rollover motor vehicle accident. Upon admission to the emergency room, he was diagnosed with a closed head injury, which included a hematoma and laceration of his scalp. Although claimant was awake and initially able to move his extremities and demonstrate occasional periods of lucidity, emergency room personnel noted increasing signs of mental deterioration. Following a neurological evaluation, claimant was diagnosed as having experienced a left carotid artery dissection,[1] caused by the trauma of the accident, which subsequently induced his stroke.

Claimant's request for workers' compensation benefits was disputed on the ground that there was insufficient evidence to prove that claimant's stroke was causally related to his employment.[2] To support that claim, the employer produced neurologic surgeon Howard Platt, who opined that scar tissue stemming from claimant's past history of coronary disease and heart surgery had induced blockage of the carotid arteries which precipitated the stroke, causing him to crash his vehicle. On the other hand, to establish that the stroke was caused by the accident and, therefore, compensable, claimant proffered the testimony and statement by his treating neurologist, Glenn Seliger, who opined that claimant suffered a trauma-induced carotid dissection as a result of the accident. Although radiologist John Gemery did not state conclusively whether claimant's stroke had preceded or followed the accident, he noted that factors existed in support of both viewpoints. The Workers' Compensation Law Judge found that the timeline of events documenting claimant's worsening condition and the testimony of Seliger and Gemery supported a finding that claimant's stroke had followed the accident, thereby entitling him to workers' compensation benefits. The Workers' Compensation Board affirmed, prompting this appeal.

---

1. A carotid dissection was described to be a trauma-induced tearing of layers of tissue within the carotid artery that can result in blood clots.

2. There was no conclusive evidence as to the cause of the accident inasmuch as there was no proof of evasive action by claimant, defects in the truck or dangerous road conditions. Thus, no witness could definitively state whether claimant had fallen asleep or become substantially incapacitated prior to the crash. Claimant attempted to recount his version of the accident, but his testimony was given no probative value due to his incoherent responses.

The Board's finding that claimant's stroke occurred after the accident and was, therefore, causally related to his employment is supported by substantial evidence. Contrary to the assertions of the employer and its workers' compensation carrier, Seliger's opinion that the stroke occurred as a result of accident-related trauma was stated to a reasonable degree of medical certainty. This opinion was supported by the testimony of Gemery, who stated that the circumstances presented could support a presumption that the occlusion of claimant's carotid artery was traumatic in nature, and also by the documented medical evidence compiled in the first days of claimant's hospitalization which indicated that claimant did not show symptoms of a stroke until after the initial head injuries were sustained.

We note that, to the extent Seliger was cautious in stating his opinion in claimant's favor, he, nonetheless, adequately and with a rational basis assigned a probability as to the cause of the stroke (*see Matter of Garrio v Donovan*, 290 AD2d 913, 914 [2002], *lv denied* 98 NY2d 608 [2002]; *Matter of Van Patten v Quandt's Wholesale Distribs.*, 198 AD2d 539, 539 [1993]: *see also Matter of Castiglione v Mechanical Tech.*, 227 AD2d 865, 867 [1996]). As for the contrary opinion as to causation presented by Platt, the Board's resolution of conflicting medical opinions in claimant's favor was well within its province (*see Matter of Altes v Petrocelli Elec. Co.*, 283 AD2d 829, 830 [2001]) and will not be disturbed.

Spain, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the decision is affirmed, with costs to claimant.