■ In the Matter of the Claim of JERRY PECK, Respondent, v VILLAGE OF GOUVERNEUR, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [790 NYS2d 246]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed April 10, 2003, which ruled that apportionment did not apply to claimant's workers' compensation award.

Claimant, a volunteer firefighter, sustained injuries to his head, chest and neck when the fire truck in which he was riding while responding to a fire struck a dip in the road. Claimant's claim for workers' compensation benefits was established in 2000. However, when a subsequent surgical procedure undertaken to mitigate claimant's continuing pain and discomfort from a fracture at the injury site revealed cancerous growths along claimant's spine, the employer requested apportionment. Following depositions, at which both claimant's treating physician and the physician retained by the employer concurred that claimant's fracture and ensuing need for surgery was causally related to the work-related accident, the Workers' Compensation Law Judge found that apportionment was not warranted. The Workers' Compensation Board affirmed, resulting in this appeal.

The employer's only contention on appeal is that the Board erred in not directing apportionment between claimant's compensable injury and his cancerous condition. We cannot agree. "[A]pportionment is not appropriate where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition" (*Matter of Bruno v Kelly Temp Serv.*, 301 AD2d 730, 731 [2003]; *see Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 884 [2002], *lv denied* 100 NY2d 501 [2003]). In this regard, we note that the employer has misread our prior decision in *Matter of Miller v Congel-Palenscar, Inc.* (236 AD2d 645 [1997]), in which we reversed the Board's apportionment finding only after discovering that it had erred by failing to properly consider the claimant's prior *compensable* injury (*id.* at 646; *see Matter of Johnson v Feinberg-Smith Assoc.*, 305 AD2d 826, 828 [2003]). Inasmuch as both medical experts agreed that claimant's cancer predated his compensable injuries and there is no evidence whatsoever in the record that the disease prevented claimant from effectively performing the duties of his employment, we conclude that the Board's decision finding apportionment inapplicable as a matter of law was correct and must be affirmed.

Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.