◼ In the Matter of the Claim of JANET HARGRAVES, Respondent, v DORMANN LIBRARY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [795 NYS2d 403]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed April 1, 2004, which ruled that claimant's permanent partial disability was casually related to a prior work-related injury and apportionment was not warranted.

Claimant was born with a condition diagnosed as spina bifida. In January 1999, she sustained a lower back injury while lifting heavy boxes at work and filed a claim for workers' compensation benefits. Following a hearing, a Workers' Compensation Law Judge, among other things, established the case for benefits

and found that apportionment due to claimant's preexisting condition was not warranted. The Workers' Compensation Board thereafter affirmed, and this appeal by the employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) ensued.

Viewing the record as a whole, substantial evidence supports the Board's determination that claimant established a causally related disability. Claimant's treating chiropractor testified that claimant's disability resulted from a herniated lumbar disc and compression at L4-L5 which arose after she lifted heavy boxes in January 1999. The record reveals that claimant did not report having lower back pain before the January 1999 incident and there is no record evidence that she ever sought treatment for lower back pain prior to that date. Although the independent medical examiners who evaluated claimant opined that claimant's disability was owed largely to progressive spina bifida disorder, the Board was entitled to weigh the conflicting medical opinions and determine that the work-related injury aggravated claimant's preexisting condition (*see Matter of Bruse v Holiday Inn*, 16 AD3d 785, 787 [2005]; *Matter of Paradise v Goulds Pump*, 13 AD3d 764, 765 [2004]; *Matter of Haines v Kip Sheldon Trucking Co.*, 307 AD2d 603, 605 [2003]).

Moreover, it is well established that " '[a]pportionment is not appropriate where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition' " (*Matter of Peck v Village of Gouverneur*, 15 AD3d 735, 736 [2005], quoting *Matter of Bruno v Kelly Temp Serv.*, 301 AD2d 730, 731 [2003]). As the record reveals that claimant was not disabled as a result of the preexisting spina bifida and was fully capable of working at the time she sustained her work-related injury, we are not persuaded that the Board's refusal to direct apportionment was irrational (*see Matter of Nye v IBM Corp.*, 2 AD3d 1164, 1165 [2003]). We have examined the employer's remaining contentions and find them to be without merit.

Mercure, Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.