■ In the Matter of the Claim of LAVERN NEAL, Appellant, v BLUE CIRCLE CEMENT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [814 NYS2d 331]—

Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed December 31, 2004, which ruled, inter alia, that claimant's injury was an aggravation of a prior compensable injury.

Claimant, a laborer for a cement manufacturing company, suffered a compensable back injury when he was struck by a yard train in November 1998. Claimant was out of work for eight months and then returned to full-duty work. In January 2002, claimant injured his back while picking up a bag of cement. A workers' compensation law judge (hereinafter WCLJ) conducted a hearing to address numerous issues on claimant's separate claims from the November 1998 and January 2002 injuries. As pertinent to this appeal, the WCLJ concluded that the January 2002 injury was an aggravation of the November 1998 injury, assigned levels of disability from January 2002 to April 2003, and found no compensable lost time thereafter. With a modification not relevant to this appeal, the Workers' Compensation Board affirmed, and claimant now appeals.

The testimony and records of several physicians who treated or examined claimant, along with a comparison of MRIs performed shortly before and after the January 2002 incident, provide substantial evidence in support of the Board's determination that the January 2002 injury was an aggravation of the November 1998 injury. To the extent that orthopedist Stewart Kaufman reached a different conclusion, it was well within the Board's province to resolve conflicting medical evidence against claimant (see Matter of Hargraves v Dormann Lib., 18 AD3d 1105, 1106 [2005]; Matter of Haines v Kip Sheldon Trucking Co., 307 AD2d 603, 605 [2003]). Similarly, we find substantial evidence in support of the Board's determination regarding the levels of disability. Further, the Board "properly exercised its

authority to decide issues of credibility and to draw reasonable inferences from the evidence presented" (*Matter of Blair v Queens Borough Pub. Lib.*, 26 AD3d 624, 624-625 [2006]; *see Matter of Harris v Revere Copper Prods.*, 294 AD2d 792, 793 [2002]) in discrediting the testimony of claimant and Kaufman regarding the degree and permanency of claimant's disability, particularly in light of significant credible evidence that claimant exaggerated his symptoms and misrepresented his levels of activity, and that his subjective complaints were unsubstantiated by objective medical evidence.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.