■ In the Matter of GEORGE BREMNER, Respondent, v NEW VENTURE GEAR, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [819 NYS2d 142]—

Carpinello, J. Appeal from a decision of the Workers' Compensation Board, filed January 10, 2005, which ruled that apportionment did not apply to claimant's workers' compensation award.

Claimant underwent a right knee replacement surgery in 1991 due to a condition wholly unrelated to his employment. In October 2002, claimant fell at work and sustained injuries to his right shoulder and right knee. As a result, he experienced increasing pain in his right knee attributable to the loosening of its replacement components ultimately requiring surgery. A Workers' Compensation Law Judge thereafter determined that apportionment did not apply to claimant's claim for temporary disability benefits and awarded such benefits without prejudice to the employer's claim for apportionment upon a possible future finding of a permanent disability. Upon review, the Workers' Compensation Board affirmed, prompting this appeal by the employer.

As a general rule, apportionment is not applicable as a matter of law where the preexisting condition was not the result of a compensable injury and the claimant was able to effectively perform his or her job duties at the time of the work-related accident despite the preexisting condition (*see Matter of Peck v Village of Gouverneur*, 15 AD3d 735, 736 [2005], *lv denied* 5 NY3d 707 [2005]; *Matter of Nye v IBM Corp.*, 2 AD3d 1164, 1164-1165 [2003]; *Matter of Krebs v Town of Ithaca*, 293 AD2d

883, 883-884 [2002], *lv denied* 100 NY2d 501 [2003]).* Here, it is undisputed that claimant's preexisting condition was not a compensable injury and, that at the time of the work-related accident, claimant was asymptomatic and fully capable of effectively performing his job duties. Thus, the Board properly determined that apportionment is not applicable here (*see Matter of Peck v Village of Gouverneur, supra* at 736; *Matter of Krebs v Town of Ithaca, supra* at 883-884).

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* This is not a schedule loss of use case; therefore, it does not implicate the "narrow situation" involving an exception to this general rule (*Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist.*, 31 AD3d 836 [2006] [decided herewith]).