■ In the Matter of the Claim of SANDRA L. BROWN, Respondent, v HARDEN FURNITURE, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 628]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed January 24, 2005, which determined that apportionment did not apply to claimant's workers' compensation award.

On April 22, 2002, claimant's decedent, a truck driver, began experiencing what appeared to be stomach pains while attempting to unload a heavy piece of furniture. A witness, who

observed him lie down on the end of his trailer, called 911. Emergency personnel transported decedent to a hospital but he did not survive. An autopsy determined the immediate cause of death to be bronchopneumonia associated with hypertensive cardiovascular disease.

Claimant submitted a claim for workers' compensation benefits which included a report from a consulting physician who concluded that decedent's death was related to his exertion at work. A medical consultant for the employer's workers' compensation carrier agreed that decedent's death was work related but opined that his underlying medical conditions, which included obesity and cardiomyopathy, were also significant contributing factors. A Workers' Compensation Law Judge determined that a causal relationship had been established, awarded benefits and ruled that apportionment was not applicable to claimant's claim. The Workers' Compensation Board affirmed that determination, prompting this appeal by the self-insured employer.

As a matter of law, apportionment is not applicable "where the preexisting condition was not the result of a compensable injury and the claimant was able to effectively perform his or her job duties at the time of the work-related [incident] despite the preexisting condition" (*Matter of Bremner v New Venture Gear*, 31 AD3d 848, 848 [2006]; *see Matter of Johnson v Feinberg-Smith Assoc.*, 305 AD2d 826, 827 [2003]). Here, although decedent had undergone two medical evaluations only weeks prior to his death, neither of those evaluations resulted in a directive or recommendation that he refrain from fully performing the duties of his job. Similarly, decedent's complaints regarding flu-like symptoms immediately preceding his death do not constitute " 'a disability in a compensation sense' " (*Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 884 [2002], *lv denied* 100 NY2d 501 [2003], quoting *Matter of Carbonaro v Chinatown Sea Food*, 55 AD2d 756, 757 [1976]). Inasmuch as the Board's factual determination is supported by substantial evidence, including the opinions of both consulting physicians that decedent's death was related to the strenuous physical activity associated with his work-related responsibilities, it must be affirmed (*see Matter of Ricci v Riegel & Sons*, 278 AD2d 673, 674 [2000]).

Mercure, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.