■ In the Matter of the Claim of MARGARET A. JONES, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTION, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [825 NYS2d 316]—

Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed January 24, 2005, which ruled that claimant did not sustain a causally related consequential injury and denied her claim for workers' compensation benefits.

On September 19, 1998, claimant, a bus driver for the New York City Department of Correction, suffered work-related injuries to her right shoulder and back and received workers' compensation benefits.* She underwent surgery to repair her right shoulder in June 1999. In November 2001, contending that she had sustained a consequential injury to her left shoulder as a result of favoring her right shoulder following the 1999 surgery, claimant sought treatment for pain she was experiencing in her left shoulder. Following hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) amended the claim to establish a causally related consequential injury to claimant's left shoulder. The Workers' Compensation Board reversed and claimant appeals, asserting that it was error for the Board to disregard the credibility determinations of the WCLJ.

We affirm. The Board is entitled to make its own factual findings and is not bound by the credibility determinations of a WCLJ (*see Matter of Ortiz v Five Points Correctional Facility*, 307 AD2d 634, 635 [2003]). Here, the Board found testimony of the self-insured employer's medical consultant to be more cred-

---

* Although the caption in this case would seemingly indicate that claimant was an employee of the New York *State* Department of Correction, she actually worked for the New York *City* Department of Correction.

ible than that of claimant's physician. The consultant found no shoulder abnormalities and stated that claimant's left shoulder pain "was not caused by the injury [she sustained in September 1998]." The Board found claimant's physician to be less credible because his records were incomplete, his testimony was evasive, he was unaware of many details of claimant's personal and medical history and his diagnosis was partly based on "common sense." Inasmuch as the Board has authority to resolve conflicting medical evidence (see *Matter of Neal v Blue Circle Cement*, 28 AD3d 1049, 1049-1050 [2006]), and its decision is supported by substantial evidence, we find no basis upon which to disturb it (see *Matter of Senecal v Bendix*, 29 AD3d 1232, 1233 [2006]).

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.