■ In the Matter of the Claim of BARBARA PETERSON, Respondent, v FACULTY STUDENT ASSOCIATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [869 NYS2d 285]—

Kavanagh, J.

In April 2005, claimant, during the course of her employment with the Faculty Student Association as a food service worker, slipped while carrying a steam table and injured her left knee. Thirteen years earlier, claimant had seriously injured this knee in an automobile accident and, in 1995, reinjured it in two work-related accidents. After the April 2005 injury, the knee failed to respond to treatment and claimant remained unable to return to work. Her treating physician requested authorization for a total left knee replacement. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) did not take issue with claimant's need for a total knee replacement. Instead, the carrier argued that there should be some apportionment of the total cost of this surgery between claimant's prior accident and this most recent work-related accident. In particular, the carrier claimed that since claimant's own physician concluded that the current accident was only 15% responsible for the need for a total knee replacement, it should only be required to pay that percentage of the total cost of this surgical procedure. The Workers' Compensation Law Judge (hereinafter WCLJ) authorized the left knee replacement surgery, rejected the carrier's claim of apportionment and found that the carrier was responsible for the entire cost of the surgery. The carrier sought review of this decision from the Workers' Compensation Board. The Board affirmed the WCLJ's decision, prompting this appeal.

We agree with the Board that this case falls within the general, well established rule that "apportionment is not appropriate where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition" (*Matter of Bruno v Kelly Temp Serv.*, 301 AD2d 730, 731 [2003]; *accord Matter of Brown*

*v Harden Furniture*, 34 AD3d 1028, 1029 [2006]; *Matter of Bremner v New Venture Gear*, 31 AD3d 848, 848 [2006]; *Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 883-884 [2002], *lv denied* 100 NY2d 501 [2003]). Specifically, we reject the employer's argument that an exception to the rule against apportionment should apply (*see Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist.*, 31 AD3d 836, 837 [2006]). In *Matter of Scally*, this Court deferred to the Board's determination that the case "fell in the small subset of cases involving schedule loss of use awards" (*id.* at 838) and that the claimant's prior nonwork-related injury would have resulted in a schedule loss of use award had the injury been work-related. Here, in contrast, the Board determined that claimant's preexisting condition "was not disabling for workers' compensation purposes." It is uncontroverted that claimant, at the time of her accident, was working full time as a food service worker without restriction and, while her knee was at times symptomatic, she was not disabled (*see Matter of Bruno v Kelly Temp Serv.*, 301 AD2d at 731). Moreover, this case does not involve a schedule loss of use claim. Under the circumstances presented, the Board's conclusion that claimant was not disabled as the result of her 1992 car accident was supported by substantial evidence, and its determination that apportionment is not appropriate enjoys ample support in the record (*see Matter of Bremner v New Venture Gear*, 31 AD3d at 849; *Matter of Krebs v Town of Ithaca*, 293 AD3d at 883). Moreover, while the medical experts offered by the parties rendered conflicting opinions as to the degree to which each of claimant's prior accidents contributed to her current condition, and the resulting need for surgery,* the assessment of these opinions presents credibility determinations to be made by the Board and, absent a clear abuse of the Board's discretion, its determinations are entitled to deference (*see Matter of Dimitriadis v One Source*, 53 AD3d 704, 705 [2008]).

Finally, to the extent that the employer's notice of appeal seeks a review of the decision of the WCLJ filed June 1, 2007, such an appeal cannot be undertaken until the Board has conducted its full review of that determination (*see* Workers' Compensation Law § 23).

Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the decision is affirmed, without costs.

---

* Claimant's physician concluded that the 1992 motor vehicle accident was 85% responsible for claimant's need for surgery and that the 2005 accident was 15% responsible. The carrier's independent medical examiner attributed 15% of claimant's need for this procedure to the 2005 accident, 20% to the two accidents that occurred in 1995, and 65% to the 1992 motor vehicle accident.