■ In the Matter of the Claim of DAVID SATTANINO, Respondent, v SANITARY DISTRICT NUMBER 6 et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [890 NYS2d 220]—

Cardona, P.J.

In 2003, claimant, a sanitation worker, injured both knees when he slipped and fell while performing his duties. The self-insured employer's third-party administrator did not dispute the ensuing claim for workers' compensation benefits, but did raise issues regarding schedule loss of use and apportionment. A Workers' Compensation Law Judge, among other things, apportioned the bulk of claimant's schedule loss of use in both knees to his preexisting arthritis. Upon review, the Workers' Compensation Board held that apportionment was unavailable under the circumstances of this case and set claimant's sched-

ule loss of use at 50% for his right leg and 32.5% for his left leg. The employer and third-party administrator (hereinafter collectively referred to as the employer) appeal, and we affirm.

In general, "apportionment is not appropriate where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition" (*Matter of Hargraves v Dormann Lib.*, 18 AD3d 1105, 1106 [2005] [internal quotation marks and citations omitted]; *see Matter of Peterson v Faculty Student Assn.*, 57 AD3d 1139, 1140 [2008], *lv dismissed* 12 NY3d 777 [2009]). Here, there is no indication that claimant's preexisting arthritis constituted a compensable injury and the employer does not contend that claimant was unable to work full time prior to the 2003 injury. Furthermore, the employer's contention that this case should fall within the narrow exception to the general rule, applicable where a prior non-work-related injury would have resulted in a schedule loss of use award if that injury had occurred at work (*see Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist.*, 31 AD3d 836, 837 [2006]), is unsupported by the record. Accordingly, the Board properly determined that apportionment is not applicable here (*see Matter of Bremner v New Venture Gear*, 31 AD3d 848, 849 [2006]; *Matter of Hargraves v Dormann Lib.*, 18 AD3d at 1106).

Finally, the Board's determination as to claimant's schedule loss of use is supported by the testimony and medical report submitted by physician Wayne Kerness.

Peters, Kane, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.