In the Matter of SHARON K. BLAND, Appellant, v GELL-MAN, BRYDGES & SCHROFF et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (Claim No. 1.) In the Matter of the Claim of SHARON K. BLAND, Appellant, v RONCO COMMUNICATIONS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (Claim No. 2.) [960 NYS2d 242]—

Stein, J. Appeal from a decision of the Workers' Compensation Board, filed June 14, 2012, which denied claimant's request for a variance.

In 1993, a workers' compensation claim was established for claimant (claim No. 1), and responsibility for such claim was thereafter transferred to the Special Fund for Reopened Cases in 2008. A second claim was established with a 2008 date of disablement (claim No. 2), for which Travelers Insurance Company is responsible, and liability was thereafter apportioned equally between the claims. In October 2011, claimant's treating physician requested a variance for approval of 10 weeks of aquatic therapy and the Special Fund and Travelers both denied the request. Claimant requested a review of such denials and, fol-

lowing a hearing, a Workers' Compensation Law Judge approved the treatment. However, upon review, the Workers' Compensation Board reversed, finding, as relevant here, that the record does not establish that claimant's treating physician served upon the Board the MG-2 form requesting the variance in the same manner and on the same date that it was transmitted to the Special Fund. The Board further found that there was no evidence that claimant properly filed a request for review of the variance denials. Claimant now appeals.

We reverse. Pursuant to 12 NYCRR 324.3 (a) (3), a treating medical provider requesting a variance must serve an MG-2 form upon the carrier, the claimant and the Board on the same day. Here, the Board concluded that there was no evidence in the record establishing that the MG-2 form requesting a variance was submitted to the Board and the Special Fund as required. However, both the Special Fund and Travelers concede that the MG-2 form was filed with the Board on October 14, 2011. Instead, they argue that the MG-2 form only identifies Travelers as the carrier and only references the second claim number. To the contrary, the record contains a copy of claimant's MG-2 form, which refers to both claim numbers and has a stamp recorded at the top of the page indicating that is was received by the Board via fax on October 14, 2011, the same day it was faxed to both the Special Fund and Travelers. Further, the fact that both carriers received the variance request is made evident by their denials of that request.

The Board further concluded that claimant did not timely request review of the carriers' denials of the variance. In this regard, a request to review a denial of a variance must be made within 21 business days of receipt of the denial (see 12 NYCRR 324.3 [c]). Here, the Special Fund denied claimant's variance request on October 18, 2011. Claimant requested review of this denial on the MG-2 form, which was signed and dated on October 24, 2011. The MG-2 form in the Board's file indicates that it was transmitted to the Board by fax on October 24, 2011. Additionally, this form is accompanied by a fax cover sheet, which contains both claim numbers, bears the same date and approximate time of the MG-2 form, and indicates that a four-page fax was sent and received by the Board via fax. As a result, the Board's determination that there was "no evidence" that the variance request was served upon the Board or that claimant timely requested review of the denial is not supported by substantial evidence (see generally Matter of Iannaci v Independent Cement Corp., 66 AD3d 1194, 1195-1196 [2009]; compare Matter of Flynn v Ace Hardware Corp., 38 AD3d 1143, 1145

[2007]; *Matter of Salatti v Crucible Materials Corp.*, 34 AD3d 1145, 1146 [2006]), and the variance request should not have been denied on those grounds.

As a result of the foregoing, the parties' remaining contentions are either not properly before this Court or have been rendered academic by our decision.

Mercure, J.P., Spain and McCarthy, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.