Rose, J.P.
Appeal from a decision of the Workers’ Compensation Board, filed January 20, 2012, which, among other things, ruled that claimant’s need for artificial disc replacement surgery was causally related to the compensable accident.
In 2007, claimant began treating for lower back pain. She was diagnosed with a disc herniation and thereafter had microdiscectomy surgery in 2008. When that did not relieve her back pain, her treating neurosurgeon, Ryan Den Haese, recommended an artificial disc replacement procedure (hereinafter ADRE) in 2009. However, claimant’s private health insurance carrier did not approve the ADRE
On March 26, 2010, claimant fell through a trapdoor at work and suffered further injuries. Her claim for workers’ compensation benefits was established for injuries to, among other things, her lower back. Den Haese thereafter requested authorization from the Workers’ Compensation Board to perform the ADRE Following hearings and deposition testimony, a Workers’ Compensation Law Judge (hereinafter WCLJ) concluded that the need for the ADRE was both due to a preexisting condition and causally related to claimant’s work accident. The WCLJ then found the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) 50% liable for the surgery. Upon review, the Board modified the WCLJ’s determination by finding the carrier solely liable for the cost of the ADRI] without prejudice to further consideration of apportionment after a finding of permanency has been made, but otherwise affirmed. The carrier appeals, arguing that claimant’s need for the ADRE is not causally related to her accident.
*990 We will uphold the Board’s determination of causal relationship if it is supported by substantial evidence (see Matter of Virtuoso v Glen Campbell Chevrolet, Inc., 66 AD3d 1141, 1142 [2009]; Matter of Howard v New York Times, 302 AD2d 698, 699 [2003], lv dismissed and denied 100 NY2d 531 [2003]). Here, the record reflects that, prior to the accident, claimant was working full time in a physically demanding job without restrictions, in spite of the fact that she had been treated for back pain for several years and Den Haese had recommended the ADRE Following the accident, however, claimant’s lower back pain worsened to the point where she could no longer work. Claimant’s pain management physician, her chiropractor, the physician that conducted an independent medical examination and Den Haese all opined that her preexisting condition was aggravated by her fall and that, following her fall, she suffered from a causally-related total temporary disability. Accordingly, the Board’s finding that the accident at work aggravated claimant’s preexisting condition and that the need for the ADRE is causally related to the accident is supported by substantial evidence and will not be disturbed (see Matter of Hargraves v Dormann Lib., 18 AD3d 1105, 1106 [2005]; Matter of Sidaris v Brookhaven Mem. Hosp., 271 AD2d 884, 885 [2000]).
Lahtinen, Spain and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.