# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  April 16, 2015
517497
517498
517499

_____

In the Matter of the Claim of
    SHARON K. BLAND,
                    Appellant,

        v

GELLMAN, BRYDGES & SCHROFF,
    et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
(Claim No. 1.)
_____          MEMORANDUM AND ORDER

In the Matter of the Claim of
    SHARON K. BLAND,
                    Appellant,

        v

RONCO COMMUNICATIONS et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
(Claim No. 2.)
_____


Calendar Date:  February 17, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Sharon K. Bland, Lewiston, appellant pro se.

Steven M. Licht, Special Funds Conservation Committee, Albany (Jill B. Singer of counsel), for Special Fund for Reopened Cases, respondent.

Hamberger & Weiss, Buffalo (Renee E. Heitger of counsel), for Ronco Communications and another, respondent.

_____

McCarthy, J.P.

Appeals (1) from a decision of the Workers' Compensation Board, filed August 26, 2013, which approved claimant's request for a variance, (2) from a decision of said Board, filed August 26, 2013, which, among other things, granted claimant awards for certain time periods, and (3) from a decision of said Board, filed August 27, 2013, which, among other things, ordered the workers' compensation carrier for Ronco Communications to audit certain claimed expenses.

A 1993 workers' compensation claim was established for claimant against Gellman, Brydges & Schroff, and responsibility for that claim was later transferred to the Special Fund for Reopened Cases (see Matter of Bland v Gellman, Brydges & Schroff, 103 AD3d 969, 969 [2013], lv dismissed 21 NY3d 920 [2013]; Matter of Bland v Gellman, Brydges & Schroff, 100 AD3d 1289, 1290 [2012], lv denied 20 NY3d 1055 [2013]).  A second claim, with a 2008 date of disablement, was established against Ronco Communications, for which Travelers Insurance Company is the responsible workers' compensation carrier.  Liability was apportioned equally between the two claims.

Regarding the first appeal (appeal No. 517497), a Workers' Compensation Law Judge (hereinafter WCLJ) overturned Travelers' denial of a variance for Botox injections to treat migraine headaches, and approved that treatment.  Travelers and Ronco sought review by the Workers' Compensation Board, which affirmed the WCLJ's decision approving the variance.

Regarding the second appeal (appeal No. 517498), a WCLJ found that claimant was attached to the labor market from June 2008 to December 2011 and granted certain awards for that time period. Claimant and Ronco sought Board review. The Board determined that claimant had proved her attachment to the labor market, modified the WCLJ's awards for certain time periods and found that claimant was not entitled to reimbursement for travel expenses related to out-of-state treatment.

Regarding the third appeal (appeal No. 517499), a WCLJ found that Travelers was obligated to reimburse claimant for certain expenses. Ronco and claimant each sought Board review. Noting that the transcript and written decision were inconsistent and ordered Travelers to pay different amounts, the Board rescinded the WCLJ's decision, and directed that Travelers audit the claimed expenses and produce the results of such audit in a certain format. Claimant filed a separate appeal from each of these three decisions, which we have consolidated.

As for the first appeal, the Board has issued an amended decision superceding the decision under review. As the decision being challenged has now been superceded, the first appeal is moot (see Matter of Bleakley v Verizon Servs. Group, 104 AD3d 1099, 1100 [2013]).

As for the second appeal, claimant is not aggrieved by, and therefore cannot seek review of, portions of the decision that the Board decided in her favor. Claimant states that she agrees with the Board's modification of the WCLJ's awards, but argues that she is entitled to greater awards due to additional medical documents that have allegedly surfaced. We find that the Board's awards were supported by substantial evidence, namely the medical documents that were reviewed, and we will not disturb those awards (see Matter of Soluri v Superformula Prods., Inc., 96 AD3d 1292, 1292-1293 [2012]). While claimant attempts to relitigate issues concerning out-of-state treatment and related travel expenses, those issues were previously determined by this Court (Matter of Bland v Gellman, Brydges & Schroff, 100 AD3d at 1291). The remaining arguments that claimant now raises are either not

properly preserved for our review, as they were not brought to the Board's attention in her administrative appeal (see Matter of Toledo v Administration for Children Servs., 112 AD3d 1209, 1210 [2013]), or they are without merit.

As for the third appeal, the Board reasonably remitted the matter for the WCLJ to resolve the difference between the reimbursement amounts stated on the record and included in the written decision (see Workers' Compensation Law § 20 [1]; 12 NYCRR 300.5 [a]). The Board directed Travelers to provide detailed information supporting its audit in the format requested by claimant. While claimant contends that Travelers has not done so, this argument is not properly before us because it relates to activities that occurred (or failed to occur) after the Board's decision was filed.

Claimant's remaining arguments either concern issues that were decided in her favor, are not related to the decisions on appeal, are not properly preserved or before this Court, or are lacking in merit.

Egan Jr., Devine and Clark, JJ., concur.


ORDERED that appeal No. 517497 is dismissed, as moot, without costs.

ORDERED that the decisions in appeal Nos. 517498 and 517499 are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court