*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                518375
_____

In the Matter of the Claim of
    JOHN P. LATTANZIO,
                    Claimant,

        v

CONSOLIDATED EDISON OF NY               MEMORANDUM AND ORDER
    et al.,
                    Appellants.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  April 23, 2015

Before:  McCarthy, J.P., Egan Jr., Devine and Clark, JJ.

                    _____


        Cherry, Edson & Kelly, LLP, Carle Place (David W. Faber of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed May 7, 2013, which ruled, among other things, that
apportionment did not apply to claimant's workers' compensation
award.

        Claimant has had a neck condition requiring surgeries and
intermittent treatment since 2000.  Nevertheless, claimant worked
full time with certain restrictions until October 2010, when he
fell at work and sustained injuries to his back.  Following

several hearings and depositions in the instant claim for workers' compensation benefits, a Workers' Compensation Law Judge found, among other things, that claimant was entitled to benefits and that apportionment was not warranted. Upon review, a panel of the Workers' Compensation Board affirmed and the employer and the third-party administrator (hereinafter collectively referred to as the employer) appeal.

The employer contends that Workers' Compensation Law § 15 (7) should be construed to permit apportionment between a current compensable disability and a previous non-work-related, noncompensable disability. Such an interpretation is untenable as a matter of law inasmuch as apportionment is not applicable "where the preexisting condition was not the result of a compensable injury and the claimant was able to effectively perform his or her job duties at the time of the work-related accident despite the preexisting condition" (Matter of Bremner v New Venture Gear, 31 AD3d 848, 848 [2006]; see Matter of Morin v Town of Lake Luzerne, 100 AD3d 1197, 1198 [2012], lv denied 21 NY3d 865 [2013]). Here, the record establishes that claimant's preexisting condition was not the result of a compensable injury (see Matter of Bremner v New Venture Gear, 31 AD3d at 849). In addition, although claimant suffered from back and neck pain before the October 2010 accident and was under certain work restrictions for his condition, he worked full time, and the record is devoid of evidence that claimant's preexisting condition limited his ability to satisfactorily perform his work responsibilities (see Matter of Morin v Town of Lake Luzerne, 100 AD3d at 1198; Matter of Peck v Village of Gouverneur, 15 AD3d 735, 736 [2005], lv denied 5 NY3d 707 [2005]). Thus, we agree with the Board that apportionment is not applicable here (see Matter of Bremner v New Venture Gear, 31 AD3d at 849; Matter of Hogan v Hilltop Manor of Niskayuna, 303 AD2d 822, 823-824 [2003]).

The employer's remaining arguments are not properly preserved for our review because they were not raised before the Board during the administrative appeal (see Matter of Bland v Gellman, Brydges & Schroff, 127 AD3d 1436, 1437 [2015]).

McCarthy, J.P., Egan Jr. and Devine, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court