Matter of Molette v New York City Tr. Auth. (2018 NY Slip Op 07820)





Matter of Molette v New York City Tr. Auth.


2018 NY Slip Op 07820


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

526569

[*1]In the Matter of the Claim of GREGORY MOLETTE, Appellant,
v
NEW YORK CITY TRANSIT AUTHORITY, Respondent. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: October 19, 2018

Before: Lynch, J.P., Clark, Mulvey, Rumsey and Pritzker, JJ.


Geoffrey Schotter, New York City, for appellant.
Foley, Smit, O'Boyle & Weisman, Hauppauge (Theresa E. Wolinski of counsel), for New York City Transit Authority, respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed June 15, 2017, which ruled that claimant did not suffer a consequential injury to his neck.
In 2011, while working for the New York City Transit Authority, claimant tripped in a pothole and fell, thereby sustaining an injury to his left shoulder. The Transit Authority did not dispute the left shoulder claim and paid claimant his full wages during his disability. The claim was later amended to include claimant's consequential right shoulder injury.
In 2016, claimant sought to amend the claim to include a consequential neck injury. Following an examination by an independent medical examiner and a hearing, the Workers' Compensation Law Judge denied claimant's application to amend, finding that there was no causal relationship for a consequential neck injury. Upon review, the Workers' Compensation Board affirmed, and claimant appeals.
We affirm. Whether claimant's neck injury consequentially arose from the left shoulder injury that he sustained in the 2011 work-related accident was a factual issue for the Board to resolve, and its determination will not be disturbed so long as it is supported by substantial evidence (see Matter of Schmerler v Longwood Sch. Dist., 163 AD3d 1373, 1374 [2018]). Moreover, the Board has the exclusive province to resolve conflicting medical opinions (see id.).
Claimant's treating chiropractor, Xerxes Oshidar, opined that claimant's neck injury is consequentially related to the left shoulder injury. Oshidar explained that, due to claimant's weakened shoulder muscles, the muscles that connect the neck and the shoulder have been [*2]"overutilized," thereby altering the "biomechanics of [his] neck" and causing pain. In contrast, Julio Westerband, a medical doctor who conducted an independent medical examination of claimant, opined that there was no evidence of the pathology of his neck injury. Westerband noted that there was an "[o]bvious attempt to mislead the exam" and that the statements contained in Oshidar's report are "pure pseudoscience speculation." According proper deference to the Board's resolution of conflicting medical evidence and credibility determinations, we find the Board's determination to be supported by substantial evidence (see Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]; Matter of Pearson v Bestcare, 48 AD3d 862 [2008], lv denied 10 NY3d 715 [2008], cert denied 557 US 907 [2009]; Matter of Jones v New York State Dept. of Correction, 35 AD3d 1025, 1026 [2006]).
Lynch, J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.