Matter of Markey v Autosaver Ford (2020 NY Slip Op 01876)





Matter of Markey v Autosaver Ford


2020 NY Slip Op 01876


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

529098

[*1]In the Matter of the Claim of Austin Allan Markey, Respondent,
v
Autosaver Ford, Appellant. Workers' Compensation Board, Respondent.

Calendar Date: February 20, 2020

Before: Clark, J.P., Mulvey, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of counsel), for appellant.
Buckley, Mendleson, Criscione & Quinn, PC, Albany (Stephen J. Mastaitis of counsel), for Austin Allan Markey, respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.



Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed June 19, 2018, which ruled that claimant was discharged by the employer in violation of Workers' Compensation Law § 120.
Claimant worked as the general manager overseeing an automobile dealership when it was purchased by new owners in July 2014, and he continued thereafter in that capacity. On December 1, 2015, claimant slipped and fell on ice exiting a car at the dealership, causing him to lose consciousness and sustain multiple injuries, including to his back, neck and shoulder. He was hospitalized, returned to work on December 7, 2015 and was fired on December 17, 2015. He thereafter filed a workers' compensation claim and underwent multiple surgeries due to his work-related injuries, and has not resumed employment. Claimant later filed a discrimination claim against the employer under Workers' Compensation Law § 120, contending that he had been terminated in retaliation after advising his supervisor, the executive manager of the dealership and brother of one of the owners, that he would be filing a workers' compensation claim as he required surgery for his injuries and would be out of work during his recovery period. Following a hearing on the complaint, a Workers' Compensation Law Judge concluded that claimant had satisfied his burden of showing that the employer had retaliated against him because he intended to file a workers' compensation claim, and that the employer had not established a valid business reason for his discharge. The Workers' Compensation Board agreed and affirmed the decision, prompting this appeal by the employer.
We affirm. "Workers' Compensation Law § 120 prohibits an employer from discriminating against an employee who has filed or who has attempted to file a claim for workers' compensation benefits by discharging him or her" (Matter of Peterec-Tolino v Five Star Elec. Corp., 178 AD3d 1215, 1216 [2019] [internal quotation marks and citation omitted]). In enacting this statute, "the Legislature intended 'to insure that a claimant [could] exercise his [or her] rights under the [Workers'] Compensation Law . . . without fear that doing so [might] endanger the continuity of [his or her] employment'" (Matter of Rodriguez v C & S Wholesale Grocers, Inc., 108 AD3d 848, 849 [2013], quoting Sponsor's Mem, Bill Jacket, L 1973, ch 235; see Matter of Duncan v New York State Dev. Ctr., 63 NY2d 128, 133-134 [1984]). "The burden of proving a retaliatory discharge in violation of the statute lies with the claimant, who must demonstrate a causal nexus between the claimant's activities in obtaining compensation and the employer's conduct against him or her" (Matter of Romero v DHL Holdings [USA] Inc., 169 AD3d 1124, 1125 [2019] [internal quotation marks and citation omitted]). With regard to "questions of fact and factual inferences to be drawn therefrom, . . . a decision of the [B]oard is conclusive upon the courts if supported by substantial evidence" (Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6 [1979] [citation omitted]; see Matter of Peterec-Tolino v Five Star Elec. Corp., 178 AD3d at 1217).
Claimant, who the WCLJ and the Board expressly credited, testified that, on December 15, 2015, about one week after his return from the accident, he advised the executive manager that he would be filing a workers' compensation claim because he required surgery for a shoulder tear caused in his fall. The supervisor became angry or upset, remarked that the owner was "not going to be very happy with that" and "marched off and went to the back office and immediately picked up the phone" and made a call. Claimant testified that he assumed that he would be fired because, in the past, he had been directed by the owner to fire other employees who had taken time off for vacations or medical reasons. The sales manager, who the Board also found to be credible, testified that he overheard that exchange and corroborated claimant's account. Two days later, the owner fired claimant, stating only that the owners were "moving in a different direction," with no discussion about claimant's work performance. Although the executive manager testified that the December 15, 2015 conversation never occurred, the Board found that denial "not credible." Further, as the Board noted, although the executive manager contended that claimant's firing was due to a litany of purported shortcomings in his job performance, no contemporaneous records of these deficiencies or any counseling of claimant were produced, and claimant testified that the complaints had never been shared or discussed with him. The sales manager likewise testified that he was unaware of any dissatisfaction with claimant's job performance. The only documentary evidence of the claimed performance-related inadequacies was constructed by the employer after claimant had been terminated, and the Board found them to be "unpersuasive" and not the reason for his termination.
As the record presented conflicting accounts regarding the events leading up to and the reason for claimant's termination, it was solely for the Board to assess witness credibility and "it is not our role to weigh any conflicting proof or to substitute our judgment for the decision made by the Board" (Matter of Romero v DHL Holdings [USA] Inc., 169 AD3d at 1126 [internal quotation marks and citation omitted]). In our view, there is substantial evidence to support the Board's finding that claimant's employment was terminated because he informed the employer that he would be filing a claim for workers' compensation benefits and would need to take time off to recover from his injuries. Accordingly, we discern no basis upon which to disturb the Board's conclusion that the employer violated Workers' Compensation Law § 120.
Clark, J.P., Mulvey, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.