Matter of Hogan v CBS Tel. Stas. (2022 NY Slip Op 03417)





Matter of Hogan v CBS Tel. Stas.


2022 NY Slip Op 03417


Decided on May 26, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 26, 2022

531391
[*1]In the Matter of the Claim of Thomas Hogan, Appellant,
v
CBS Television Stations, a Division of CBS Corporation, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:April 26, 2022

Before:Egan Jr., J.P., Lynch, Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Joel M. Gluck, New York City, for appellant.
Davis Wright Tremaine LLP, New York City (Roy P. Salins of counsel), for CBS Television Stations, respondent.



Egan Jr., J.P.
Appeals (1) from a decision of the Workers' Compensation Board, filed September 18, 2018, which ruled that claimant's employment was not terminated in violation of Workers' Compensation Law § 120, and (2) from an amended decision of said Board, filed October 8, 2019, which, among other things, corrected certain errors in its September 18, 2018 decision.
Claimant, a freelance per diem technician, was working for CBS Television Stations, a Division of CBS Corporation (hereinafter the employer), in November 2015. On December 11, 2015, claimant injured his finger. Claimant reported the injury to the employer's engineering supervisor and human resource department on December 15, 2015 and filed a claim for workers' compensation benefits.[FN1] After claimant's employment ended on December 23, 2015, claimant filed a discrimination complaint against the employer pursuant to Workers' Compensation Law § 120, alleging that he was discharged in retaliation for filing the workers' compensation claim.
Following a hearing, the Workers' Compensation Law Judge, crediting claimant's testimony, ruled that the employer violated Workers' Compensation Law § 120. Upon administrative appeal, the Workers' Compensation Board reversed by decision filed September 18, 2018, finding that claimant did not meet his burden of establishing a violation of Workers' Compensation Law § 120, and disallowed the claim. The Board, by decision filed October 8, 2019, denied claimant's subsequent application for reconsideration and/or full Board review; however, it issued an amended decision correcting certain errors in its September 18, 2018 decision. Claimant appeals from both Board decisions.[FN2]
An employer is prohibited from discharging or discriminating against an employee who has claimed or attempted to claim workers' compensation benefits (see Workers' Compensation Law § 120; Matter of Burke v New York City Tr. Auth., 189 AD3d 1987, 1988 [2020], lv denied 37 NY3d 907 [2021]; Matter of Fetahaj v Starbucks Corp., 144 AD3d 1350, 1351 [2016], lv denied 29 NY3d 918 [2017]). It is the claimant's burden to prove that the retaliatory discharge violated the statute by demonstrating "a causal nexus between the [claimant's] activities in obtaining compensation and the employer's conduct against [him or her]" (Matter of Duncan v New York State Dev. Ctr., 63 NY2d 128, 134 [1984]; accord Matter of Markey v Autosaver Ford, 181 AD3d 1126, 1127 [2020]; Matter of Peterec-Tolino v Five Star Elec. Corp., 178 AD3d 1215, 1216 [2019]). "With regard to 'questions of fact and factual inferences to be drawn therefrom, a decision of the Board is conclusive upon the courts if supported by substantial evidence'" (Matter of Markey v Autosaver Ford, 181 AD3d at 1127 [ellipsis, brackets and citation omitted], quoting Matter of Axel v Duffy-Mott Co., 47 NY2d 1, 6 [1979]).
We are unpersuaded by claimant's contentions that the Board's decision is based upon an incomplete and inaccurate review of the record as [*2]a whole and not supported by substantial evidence. A review of the record establishes that the Board accurately and thoroughly set forth in its decision the testimony and evidence presented at the hearing. To that end, the record reflects that claimant, who worked periodically for the employer as a per diem freelance technician and had not worked for the employer since April or May 2015, approached the employer's vice-president of engineering, who was responsible for hiring and firing in that engineering department, in early November 2015 seeking employment. After a November 12, 2015 email from the vice-president to the engineering supervisor inquiring about the availability of any work, claimant was given an assignment that was due to end at the end of December 2015. On November 24, 2015, prior to claimant's injury, claimant requested to meet with the vice-president regarding the length of the assignment and, according to the vice-president's testimony, which the Board credited, claimant was informed that the assignment would be terminated at the end of December 2015, which the vice-president reiterated a week later. The record establishes that claimant was notified multiple times of the date that the assignment would terminate well before he injured his finger on December 11, 2015 or reported such injury to the employer. Further, the end date of the assignment was again reiterated in a December 21, 2015 email to claimant, confirming that his assignment would end on December 23, 2015.
Although claimant offered conflicting testimony that he was not informed of the termination of his assignment until after he reported his injury to the employer and contends that his testimony provides a sufficient basis from which it could be inferred that the employer acted in a retaliatory manner, the Board was entitled to credit the testimony of the vice-president and the engineering supervisor that claimant's injury and concomitant filing of a workers' compensation claim was not involved or related to the termination of his assignment, "and it is not our role to weigh any conflicting proof or to substitute our judgment for the decision made by the Board" (Matter of Romero v DHL Holdings [USA] Inc., 169 AD3d 1124, 1126 [2019] [internal quotation marks and citation omitted]; see Matter of Peterec-Tolino v Five Star Elec. Corp., 178 AD3d at 1217). In view of the foregoing, and deferring to the Board's credibility determinations, we find that substantial evidence supports the Board's decision that claimant did not demonstrate a nexus between the filing of his workers' compensation claim and the termination of his employment (see Matter of Burke v New York City Tr. Auth., 189 AD3d at 1991; Matter of Markey v Autosaver Ford, 181 AD3d at 1128). Accordingly, the amended decision will not be disturbed. Claimant's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be unpersuasive.
Lynch, Aarons, Reynolds Fitzgerald [*3]and Ceresia, JJ., concur.
ORDERED that the appeal from the decision is dismissed, as moot, without costs.
ORDERED that the amended decision is affirmed, without costs.



Footnotes

Footnote 1: The underlying workers' compensation claim was ultimately established for an occupational disease to the right ring finger with a date of disablement of January 5, 2016.

Footnote 2: As the Board's amended decision superseded the September 2018 decision, the appeal from the earlier decision is moot and must be dismissed (see Matter of Rosa v June Elec. Corp., 140 AD3d 1353, 1355 n 2 [2016], lv denied 28 NY3d 910 [2016]; Matter of Bland v Gellman, Brydges & Schoff, 127 AD3d 1436, 1437 [2015], lv dismissed 26 NY3d 948 [2015]).