■ In the Matter of the Claim of ROBERT MONTANA, Appellant, v ORION BUS INDUSTRIES et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [756 NYS2d 346] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed February 8, 2002, which ruled, inter alia, that claimant's workers' compensation award be apportioned 90% to a preexisting condition and 10% to a work-related injury.

Claimant worked as an assembler for a bus manufacturer. On July 14, 1998, he was standing on a stool counting parts within bins when they began to slide. As he leaned forward to prevent them from falling to the floor, he injured his back. He stopped working thereafter and filed a claim for workers' compensation benefits. Prior to this injury, claimant was intermittently treated for chronic back pain, and medical proof indicated that he suffered from degenerative disc and joint disease. Claimant testified that he received maintenance adjustments from a chiropractor "all [his] life" but never suffered a specific injury to his back prior to the July 1998 incident that caused him to miss any time from work. Following a hearing, wherein counsel for the workers' compensation carrier conceded the absence of proof that claimant was ever prevented from working because of back pain, the Workers' Compensation Law Judge awarded claimant benefits and agreed with claimant that apportionment was not applicable. The Workers' Compensation Board, inter alia, upheld the award of benefits, but apportioned 90% to claimant's preexisting back condition and 10% to his work-related injury.

On appeal, claimant contends, and we agree, that the Board erred in establishing apportionment due to his preexisting back condition. While apportionment is generally a factual issue for the Board to resolve (*see Matter of Knouse v Millshoe*, 260 AD2d 948, 950 [1999]), the determination must be supported by substantial evidence (*see Matter of Bruno v Kelly Temp Servs.*, 301 AD2d 730 [2003]; *see also Matter of Hogan v Hilltop Manor of Niskayuna*, 303 AD2d 822 [2003] [decided herewith]). Thus, "[w]here the prior condition was not the result of a compensable injury and the claimant is able to effectively perform his or her job despite the preexisting condition, apportionment is not warranted" (*Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 883-884 [2002]). Notably, the determinative issue is whether a claimant's preexisting condition was disabling in a compensation sense, "not whether a claimant's preexisting condition was symptomatic" (*Matter of Bruno v Kelly Temp Servs.*, *supra* at 731; *see Matter of Krebs v Town of Ithaca*, *supra* at 884; *see also* 5 Larson's Workers' Compensation Law § 90.04). Significantly, "degeneration and infirmities * * * which have not previously produced disability are not a proper basis for reduction of compensation" (5 Larson's Workers' Compensation Law § 90.04 [1]). Thus, "apportionment is not appropriate where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition" (*Matter of Bruno v Kelly Temp Servs.*, *supra* at 731).

In the case at hand, despite the presence of conflicting medical proof as to the extent that claimant's current condition can be attributed to the preexisting back problem as opposed to the July 14, 1998 accident, there is no evidence in the record to establish that claimant's preexisting back condition actually precluded him from performing his job. While claimant's testimony regarding his prior back problems was at times unclear, he unequivocally stated that none of the problems prevented him from working. Furthermore, no medical records were adduced establishing that claimant's prior back problems interfered with his employment. Therefore, we conclude that the Board's finding with respect to the issue of apportionment is not supported by substantial evidence.

Mercure, Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.