■ In the Matter of the Claim of JENNIFER HOGAN, Appellant, v HILLTOP MANOR OF NISKAYUNA et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [756 NYS2d 344] —Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed January 4, 2002, as amended by decision filed January 10, 2002, which apportioned one half of claimant's disability to a preexisting condition.

Claimant began her position as a respiratory therapist with the employer in October 1998. Her last day of employment was November 25, 1999 when she sustained a back injury while lifting a patient. Prior to this incident, claimant experienced some discomfort from an "achy low back problem" and sought treatment from a chiropractor in March 1997. Although claimant testified that she then felt fine, some months later, since her back bothered her, she obtained physical therapy in March 1998, which again alleviated her symptoms. Claimant, who was then employed full time, lost no time from work. She sought treatment for flare-ups in November 1998 and March 1999, however, she lost only a half day from work in March 1999. Claimant had no problems with her back thereafter until the incident in November 1999. Prior to that time, it is undisputed that she performed all the duties of her employment without restriction.

Following hearings, a Workers' Compensation Law Judge established the case for a work-related injury and rejected the workers' compensation carrier's contention that apportionment was appropriate. Thereafter, the Workers' Compensation Board reversed, finding that claimant's award should be apportioned 50% to the work-related injury and 50% to her preexisting back condition which the carrier's expert opined stemmed from degenerative disc disease. Claimant appeals arguing that apportionment was improper because, prior to the November 1999 incident, her back condition never prevented her from performing her job-related duties nor caused her to miss any significant time at work.

While "apportionment of a workers' compensation award presents a factual issue for the Board to determine" (*Matter of August v Chromalloy R & T*, 240 AD2d 966, 967 [1997], *lv dismissed* 90 NY2d 1007 [1997]), the determination at issue must be supported by substantial evidence (*see Matter of Bruno v Kelly Temp Servs.*, 301 AD2d 730 [2003]; *see also Matter of Montana v Orion Bus Indus.*, 303 AD2d 820 [2003] [decided herewith]). Thus, "[w]here the prior condition was not the result of a compensable injury and the claimant is able to effectively perform his or her job despite the preexisting condition, apportionment is not warranted" (*Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 883-884 [2002]).

Notably, in ruling that apportionment was applicable herein, the Board found "that because claimant was symptomatic prior to the instant accident, claimant's ongoing disability should be apportioned 50% * * * to the instant injury and 50% to a preexisting condition." However, as we recently made clear in *Matter of Bruno v Kelly Temp Servs.* (*supra*), the determinative issue is whether a claimant's preexisting condition was disabling in a compensation sense, "not whether a claimant's preexisting condition was symptomatic" (*id.* at 731; *see Matter of Krebs v Town of Ithaca, supra* at 884; *see also* 5 Larson's Workers' Compensation Law § 90.04). Significantly, "degeneration and infirmities * * * which have not previously produced disability are not a proper basis for reduction of compensation" (5 Larson's Workers' Compensation Law § 90.04 [1]). Thus, "apportionment is not appropriate where the claimant's prior condition was not the result of a compensable injury and such claimant was fully employed and able to effectively perform his or her duties despite the noncompensable preexisting condition" (*Matter of Bruno v Kelly Temp Servs., supra* at 731).

Here, although the record establishes that, prior to the work-related injury, claimant experienced intermittent pain and

received treatment and pain medication for her back condition, she nevertheless only missed a half day of work and continued to perform her job responsibilities without restriction (*see Matter of Peziol v VAW of Am.*, 245 AD2d 877 [1997]). Accordingly, inasmuch as we find no evidence of an apportionable "disability" before the injury, the Board's decision is not supported by substantial evidence and must be reversed.

Crew III, Spain, Carpinello and Rose, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.