In the Matter of the Claim of CLYDE F. WILCOX, Respondent, v NIAGARA MOHAWK POWER CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [893 NYS2d 708]—

Kavanagh, J.

Claimant sustained a work-related injury to his right ankle in December 2004, 12 years after undergoing surgery on the same ankle for a condition that was wholly unrelated to his employment. In support of claimant's application for workers' compensation benefits following the 2004 incident, claimant's treating physician opined that claimant suffered a 45% schedule

loss of use of his right foot and did not attribute any portion of the loss to the noncompensable 1992 injury. A medical examiner who evaluated claimant on behalf of the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) agreed that claimant had a 45% schedule loss of use, but concluded that such loss was 50% attributable to claimant's earlier injury. After a hearing, a Workers' Compensation Law Judge granted claimant a 45% schedule loss of use award and rejected the employer's claim of apportionment. That determination was upheld by the Workers' Compensation Board, prompting this appeal by the employer.

We affirm. Apportionment may be applicable in a schedule loss of use case if the medical evidence establishes that the claimant's prior injury—had it been compensable—would have resulted in a schedule loss of use finding (*see Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist.*, 31 AD3d 836, 838 [2006]). Here, however, the Board determined that there was insufficient medical evidence on which to base such a conclusion. In that regard, medical records and reports relevant to claimant's 1992 surgery were unavailable, and neither expert was provided with any objective documentation indicating to what extent, if any, claimant's use of his right foot or range of motion had been impaired as a result of the prior injury. Consequently, although the medical examiner who evaluated claimant for the employer opined that claimant had a preexisting 22.5% loss of use, claimant's treating physician testified that any opinion regarding a preexisting loss of use would be entirely speculative. Thus confronted with conflicting medical evidence, the Board was authorized to credit the opinion of one expert over that of another (*see Matter of Peterson v Faculty Student Assn.*, 57 AD3d 1139, 1141 [2008], *lv dismissed* 12 NY3d 777 [2009]; *Matter of Dimitriadis v One Source*, 53 AD3d 704, 705 [2008]).

Moreover, notwithstanding the existence of a prior noncompensable condition, a review of the record reveals that claimant was fully employed and able to perform all of his job duties before December 2004. Accordingly, substantial evidence supports the Board's determination that apportionment is not warranted (*see Matter of Krebs v Town of Ithaca*, 293 AD2d 883, 883-884 [2002], *lv denied* 100 NY2d 501 [2003]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.