Garry, J.
Appeal from a decision of the Workers’ Compensation Board, filed December 9, 2010, which ruled that apportionment applied to claimant’s workers’ compensation award.
Claimant suffered a work-related back injury on September 1, 2009 and was awarded workers’ compensation benefits. Following claimant’s hearing testimony and the submission of medical evidence, a Workers’ Compensation Law Judge determined, as relevant here, that claimant’s award should be apportioned 50% to the 2009 work-related injury and 50% to a 2004 back injury. A panel of the Workers’ Compensation Board affirmed. Claimant appeals.
Initially, we note that “ £[apportionment of a workers’ compensation award presents a factual issue for resolution by the Board and its decision will be upheld so long as it is supported by substantial evidence’ ” (Matter of Altobelli v Allinger Temporary Servs., Inc., 70 AD3d 1083, 1084 [2010], quoting *1198 Matter of Mandziara v Lowe’s Home Ctrs., 41 AD3d 1020, 1020-1021 [2007]). However, apportionment is inapplicable as a matter of law when the preexisting condition was not due to a compensable injury and the claimant was fully employed and capable of effectively performing his or her job duties notwithstanding the preexisting condition (see Matter of Monroe v Town of Chester, 42 AD3d 862, 865 [2007]; Matter of Bremner v New Venture Gear, 31 AD3d 848, 848 [2006]); apportionment applies “only in cases where the prior condition constitutes a disability in a compensation sense” (Matter of Nye v IBM Corp., 2 AD3d 1164, 1164 [2003] [internal quotation marks and citations omitted]; see Matter of Mandziara v Lowe’s Home Ctrs., 41 AD3d at 1021).
At the time of claimant’s 2004 back injury, his treating chiropractor indicated that claimant’s condition was not due to his employment. Claimant was out of work for several months following that injury, but he subsequently underwent a comprehensive preemployment physical examination prior to commencing his employment as a mechanic with the Town of Lake Luzerne in 2005. Claimant was thereafter employed full time and was able to fully perform his job for over four years before the September 2009 work-related injury. The Town’s medical expert opined that apportionment was appropriate due to the similarity of the symptoms and pathology of the 2004 and 2009 injuries, but we note that “the dispositive issue is not whether a claimant’s preexisting condition was symptomatic but, rather, whether such condition was disabling” (Matter of Bruno v Kelly Temp Serv., 301 AD2d 730, 731 [2003]; accord Matter of Hogan v Hilltop Manor of Niskayuna, 303 AD2d 822, 823 [2003]). Accordingly, the Board’s decision to apportion claimant’s workers’ compensation award was unsupported and must be reversed (see Matter of Nye v IBM Corp., 2 AD3d at 1165; Matter of Montana v Orion Bus Indus., 303 AD2d 820, 821 [2003]).
Mercure, J.E, Malone Jr., Kavanagh and Stein, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision.