*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 26, 2015                    518747
_____

In the Matter of the Claim of
    EUGENE LEVITSKY,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

GARDEN TIME, INC., et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                    _____

        Erwin, McCane & Daly, Albany (Kimberly I. Gould of
counsel), for appellant.

        Walsh & Hacker, Albany (Kelly B. Dean of counsel), for
Garden Time, Inc. and another, respondents.

                    _____

Clark, J.

        Appeal from a decision of the Workers' Compensation Board,
filed June 12, 2013, which ruled that claimant was entitled to a
schedule loss of use award and that apportionment applied to that
award.

        Claimant suffered a work-related injury to his right
shoulder while lifting a stove in November 2009 and was awarded
workers' compensation benefits.  X rays and an MRI showed, among
other things, a severe degenerative glenohumeral joint due to
arthritis, and he had shoulder surgery in January 2011.  At a

hearing on the issues of schedule loss of use (hereinafter SLU) and apportionment at which claimant testified, the workers' compensation carrier's consultant, Edwin Mohler, and claimant's treating surgeon, Shankar Das, agreed that claimant had an SLU of his right shoulder of between 60% and 65%. Mohler, who the Workers' Compensation Board credited, concluded that claimant had a 60% SLU of which 10% is attributable to the 2009 injury, which he conceded aggravated claimant's degenerative condition; he attributed the remainder of the SLU primarily to claimant's progressive degenerative arthritis and, to a lesser extent that he did not quantify, to a 1981 work-related shoulder injury sustained while claimant was a police officer. A Workers' Compensation Law Judge determined that the SLU award should be apportioned 10% to the 2009 injury and the remainder to his preexisting conditions. The Board upheld that determination, and claimant appeals contending that his award should not have been apportioned.

The parties do not dispute that where, as here, "there is no continuing need for medical treatment and the medical condition is essentially stable, [an SLU] award is appropriate" (Matter of Kondylis v Alatis Interiors Co., Ltd., 116 AD3d 1184, 1186 [2014] [internal quotation marks and citation omitted]). Further, while apportionment of a workers' compensation award presents a factual issue for the Board to resolve, its decision will be upheld only where it is supported by substantial evidence (see Matter of Morin v Town of Lake Luzerne, 100 AD3d 1197, 1197 [2012], lv denied 21 NY3d 865 [2013]). Importantly, "[h]owever, apportionment is inapplicable as a matter of law when the preexisting condition was not due to a compensable injury and the claimant was fully employed and capable of effectively performing his or her job duties notwithstanding the preexisting condition" (id. at 1198 [citations omitted]).

Here, the evidence established that after claimant's 1981 injury, a "severe sprain" to his right shoulder, he returned to work as a police officer with no SLU or permanency and thereafter changed careers for personal reasons; he worked for stove suppliers for over 20 years with no restrictions on his work duties and did not again seek medical treatment for his shoulder until the 2009 work injury. While there was some evidence that

claimant's shoulder was symptomatic over the years, a fact on which the Board relied, the degenerative condition was not attributed to either work-related injury and claimant remained fully employed.  Under settled precedent, "the dispositive issue [for apportionment] is not whether a claimant's preexisting condition was symptomatic but, rather, whether such condition was disabling" (Matter of Bruno v Kelly Temp. Serv., 301 AD2d 730, 731 [2003]).  That is, apportionment applies to claimant's degenerative condition only if it "constitutes a disability in a compensation sense" (id. [internal quotation marks and citations omitted]; see Matter of Hroncich v Con Edison, 21 NY3d 636, 644 n 8 [2013]), because "degeneration and infirmities . . . which have not previously produced disability are not a proper basis for reduction of compensation" (Matter of Hogan v Hilltop Manor of Niskayuna, 303 AD2d 822, 823 [2003] [internal quotation marks and citation omitted]).

In applying apportionment here, the Board incorrectly relied upon the fact that claimant's degenerative condition was symptomatic over the years prior to the 2009 injury notwithstanding the uncontroverted evidence that it was not disabling in a compensation sense in that he was fully employed and able to effectively perform his duties despite that condition (see Matter of Morin v Town of Lake Luzerne, 100 AD3d at 1198; Matter of Wilcox v Niagara Mohawk Power Corp., 69 AD3d 1264, 1265 [2010]; Matter of Hogan v Hilltop Manor of Niskayuna, 303 AD2d at 823).  Accordingly, since there is no evidence of an apportionable disability before the 2009 injury, apportionment of claimant's award was inappropriate and not supported by substantial record evidence, and he is entitled to an award for the full 60% SLU for that injury.

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court