Lynch, J.
Appeal from a decision of the Workers’ Compensation Board, filed February 14, 2014, which ruled that claimant was entitled to a schedule loss of use award payable in a lump sum.
Claimant, while employed as a tree service worker for the employer, filed a claim for a back injury in 2005 for which he was awarded compensation. It was ultimately determined in 2009 that he had a resulting permanent partial disability for which he thereafter received continuing disability benefits. Claimant also filed a claim in 2007 for work-related bilateral carpel tunnel syndrome, which was established as an oc *1365 cupational disease. A Workers’ Compensation Law Judge determined in 2013 that claimant had a permanent partial disability with a 15% schedule loss of use of each hand as a result of the carpel tunnel syndrome. Applying the applicable statute, claimant’s schedule loss of use award would be $29,280, based upon 73.2 weeks of compensation (see Workers’ Compensation Law § 15 [3] [c]).[1] The Workers’ Compensation Law Judge concluded, however, that in order to stay within the maximum statutory weekly compensation of $400 (see Workers’ Compensation Law § 15 [6]), since claimant continued to be concurrently paid compensation for the back injury at a rate of $380 per week (from Apr. 10, 2007 to May 10, 2008) and at a rate of $360.16 thereafter, the loss of use award for bilateral carpel tunnel syndrome should be paid at a weekly rate of $39.84 (when added to the $360.16 per week for the back injury equals $400 weekly) for the statutory 73.2 weeks. As a result, claimant would receive a total schedule loss of use award of only $2,916 ($39.84 weekly x 73.2 weeks = $2,916). The Workers’ Compensation Board modified, by determining that claimant is entitled to be paid the full schedule loss of use award (i.e., $29,280) in a lump sum pursuant to Workers’ Compensation Law § 25 (1) (b). The employer’s carrier appeals.
We affirm. The Board correctly held that Workers’ Compensation Law §§ 15 (3) (u) and 25 (1) (b), as amended in 2009 (see L 2009, ch 351, §§ 1, 2), authorize the payment of the schedule loss of use award in a lump sum. The purpose of a schedule loss of use award for a permanent partial disability is “to compensate for loss of earning power” (Matter of LaCroix v Syracuse Exec. Air Serv., Inc., 8 NY3d 348, 353 [2007] [internal quotation marks and citation omitted]). That is, it “is not given for an injury, but for the residual physical and functional impairments” (Matter of Empara v New Rochelle Sch. Dist., 130 AD3d 1127, 1129 [2015], lv denied 26 NY3d 911 [2015]). Whether a schedule loss award or continuing disability benefits is warranted is a question of fact for the Board to resolve (see id.), and the parties do not dispute the propriety here of a schedule loss award, which is allowed where “there is no continuing need for medical treatment and the medical condition is essentially stable” (Matter of Levitsky v Garden Time, *1366 Inc., 126 AD3d 1264, 1264 [2015] [internal quotation marks omitted]). Although, for purposes of calculating permanent partial disability awards, Workers’ Compensation Law § 15 (3) “assigns ... a fixed number of lost weeks’ compensation according to the bodily member injured” (Matter of LaCroix v Syracuse Exec. Air Serv., Inc., 8 NY3d at 353; accord Matter of Schmidt v Falls Dodge, Inc., 19 NY3d 178, 181 [2012]), “the weekly rate and number of weeks in the schedule are merely the measure by which an award is calculated . . . and payment of the schedule award is not allocable to any . . . period of disability” (Matter of Cruz v City of N.Y. Dept. of Children’s Servs., 123 AD3d 1390, 1391 [2014], lv denied 26 NY3d 905 [2015] [internal quotation marks, brackets and citations omitted; emphasis added]).
Under established precedent, where an injured worker is receiving nonscheduled award payments and periodic schedule loss of use award payments for different injuries, the concurrent payments may not exceed the statutory cap of $400 per week in benefits, as provided by Workers’ Compensation Law § 15 (6) (a) (see Matter of Schmidt v Falls Dodge, Inc., 19 NY3d 178, 183 [2012]; Matter of Sciame v Airborne Express, Inc., 101 AD3d 1419, 1420 [2012], lv denied 20 NY3d 860 [2013]). As relevant here, however, under Workers’ Compensation Law §§ 15 (3) (u) and 25 (1) (b), as amended in 2009, where there is a permanent partial loss of use of more than one member or body part, the award “shall be fully payable in one lump sum upon the request of the injured employee” (Workers’ Compensation Law § 15 [3] [u]).[2] These statutory amendments were a response to existing precedent holding that, contrary to Board policy, the Workers’ Compensation Law precludes payment of schedule loss of use awards for a permanent partial disability as a lump sum (see Matter of LaCroix v Syracuse Exec. Air Serv., Inc., 8 NY3d at 351, 354; Assembly Mem in Support, 2009 McKinney’s Session Laws of NY at 1720-1721).
In view of the foregoing, we find that the Board correctly ordered the schedule loss of use award to be paid in a lump sum as an authorized alternative to periodic payments, which did not violate the maximum disability rate provisions of Workers’ Compensation Law § 15 (6). Contrary to the carrier’s argument, in Matter of Schmidt v Falls Dodge, Inc. (19 NY3d at 183), the Court of Appeals expressly declined to address the implications of the 2009 amendments, and nothing in that *1367 decision precludes the Board’s award to claimant of a schedule loss of use award in one lump sum.
Garry, J.P., Rose, Devine and Clark, JJ., concur. Ordered that the decision is affirmed, without costs.

. That figure was arrived at by multiplying the loss of use percentage by the number of weeks of compensation payable for the loss of each hand (15% x 244 weeks for each hand equals 36.6 weeks for each hand, or 73.2 weeks for both hands) (see Workers’ Compensation Law § 15 [3] [c], [s]), and multiplying that number of weeks by the maximum weekly compensation allowed, $400 per week (see Workers’ Compensation Law § 15 [6]), for a total award of $29,280 (73.2 weeks x $400 per week maximum = $29,280).

. Prior to the 2009 amendments, the Board also possessed the authority to commute periodic payments to a lump-sum payment in the interest of justice (see Workers’ Compensation Law § 25 [5] [b]).