Garry, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed January 27, 2016, which ruled that claimant was entitled to a schedule loss of use award and that apportionment applied to that award.
 

 In 2002, claimant suffered a non-work-related injury to her left knee and surgery was performed on the knee in 2002 and 2009. In February 2011, claimant slipped on ice while working and she was awarded workers’ compensation benefits for an injury to her left knee. In 2015, a Workers’ Compensation Law Judge determined that claimant suffered a 35% schedule loss of use of the left leg, but that the award should be apportioned 50% to the prior non-work-related injury, resulting in an award of 17.5%. The Workers’ Compensation Board affirmed and claimant now appeals, arguing that the schedule loss of use award should not have been apportioned.
 

 We affirm. “Apportionment may be applicable in a schedule loss of use case if the medical evidence establishes that the claimant’s prior injury — had it been compensable — would have resulted in a schedule loss of use finding” (Matter of Wilcox v Niagara Mohawk Power Corp., 69 AD3d 1264, 1265 [2010]; see Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d 836, 838 [2006]). Here, David Stamer, claimant’s treating orthopedic surgeon, opined that claimant suffers from a 40% schedule loss of use of her left leg. Stamer further opined that, based upon his review of the 2009 surgical report, claimant’s prior non-work-related injury would have resulted in a schedule loss of use of 30% to 40% had it been compensable. According to Stamer, claimant’s schedule loss of use award should be apportioned 50% between the 2002 and the 2011 injuries. Charles Totero, an orthopedic surgeon who examined claimant and reviewed her records on behalf of the employer, opined in a written report that claimant sustained a 30% schedule loss of use of her left leg. Totero did not address in his report whether the prior non-work-related injury would have been compensable, but did conclude that the schedule loss of use should be apportioned 60% to the prior injury and 40% to the 2011 work-related injury. In light of the foregoing, the Board’s decision to apportion claimant’s schedule loss of use award between the non-work-related injury and the established claim is supported by substantial evidence, and it will not be disturbed (see Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d at 837-838; see also Employer: Trathen Logging Co., Inc., 2003 WL 21545736, *2-3, 2003 NY Wrk Comp LEXIS 84158, *3-8 [July 8, 2003, WCB No. 7000 0913]; compare Matter of Wilcox v Niagara Mohawk Power Corp., 69 AD3d at 1265).
 

 McCarthy, J.P., Rose, Devine and Clark, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.