Mulvey, J.
 

 Appeal from a decision of the Workers’ Compensation Board, filed January 7, 2016, which ruled that claimant was entitled to a schedule loss of use award and that apportionment applied to that award.
 

 In August 2005, claimant, a steel worker, underwent right knee arthroscopy to repair a nonwork-related lateral meniscus tear, after which he returned to work. In February 2007, claimant sustained a work-related injury to his right knee when he exited the back of a truck that he had finished loading. As a result, he underwent a second right knee arthroscopy procedure. Thereafter, a Workers’ Compensation Law Judge (hereinafter WCLJ) established the claim for a right knee injury without prejudice to the issue of apportionment. After the WCLJ ordered that deposition testimony be taken from two examining physicians on the issues of schedule loss of use (hereinafter SLU) and apportionment, the WCLJ found that claimant had a 30% SLU of his right leg, of which 662/3% is attributable to the February 2007 work-related injury and 33xlz% is attributable to the 2005 nonwork-related injury. Upon administrative review, the Workers’ Compensation Board upheld the WCLJ’s decision, and we now affirm.
 

 Claimant argues that his nonwork-related injury in 2005 would not have resulted in a SLU finding had it been compensable and, therefore, the Board’s finding that apportionment applied to claimant’s 30% SLU was not supported by substantial evidence. We disagree. “As a general rule, apportionment is not applicable as a matter of law where the preexisting condition was not the result of a compensable injury and the claimant was able to effectively perform his or her job duties at the time of the work-related accident despite the preexisting condition” (Matter of Bremner v New Venture Gear, 31 AD3d 848, 848 [2006] [citations omitted]; see Matter of Liebla v Gro Max, LLC, 148 AD3d 1489, 1490 [2017]; Matter of Lattanzio v Consolidated Edison of N.Y., 129 AD3d 1343, 1343 [2015]; Matter of Peterson v Faculty Student Assn., 57 AD3d 1139, 1141 [2008], lv dismissed 12 NY3d 777 [2009]). A limited exception to this general rule exists, however, insofar as “[a]pportionment may be applicable in [an SLU] case if the medical evidence establishes that the claimant’s prior injury — had it been compensable— would have resulted in [an SLU] finding” (Matter of Wilcox v Niagara Mohawk Power Corp., 69 AD3d 1264, 1265 [2010]; see Matter of Hroncich v Con Edison, 21 NY3d 636, 644 n 8 [2013]; Matter of Sattanino v Sanitary Dist. No. 6, 68 AD3d 1381, 1382 [2009]; Matter of Scatty v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d 836, 838 [2006]). Inasmuch as apportionment of a workers’ compensation award presents a factual issue for resolution by the Board, its decision will be upheld when it is supported by substantial evidence (see Matter of Levitsky v Garden Time, Inc., 126 AD3d 1264, 1265 [2015]; Matter of Morin v Town of Lake Luzerne, 100 AD3d 1197, 1197 [2012], lv denied 21 NY3d 865 [2013]; Matter of Altobelli v Allinger Temporary Servs., Inc., 70 AD3d 1083, 1084 [2010]).
 

 As an initial matter, inasmuch as claimant does not challenge the Board’s finding that he has a 30% SLU, the question presented is distilled to whether substantial evidence supports the Board’s apportionment of that SLU between the nonwork-related 2005 injury and the 2007 work-related injury. To that end, Patrick Connolly, a physician who examined claimant on behalf of the carrier, concluded that apportionment of claimant’s SLU was appropriate and that he would apportion one third of claimant’s SLU to his 2005 nonwork-related meniscus injury. Although Connolly did not express a view regarding whether claimant’s 2005 injury would have resulted in an SLU finding, Dominic Belmonte, a physician who performed an independent orthopedic evaluation of claimant, concluded that, following claimant’s 2005 surgery, his right-knee symptoms, while improved, did not fully resolve and agreed with Connolly that apportionment of claimant’s 30% SLU was appropriate. Belmonte testified that, based upon his review of the operative medical report from claimant’s 2005 surgery, he was able to conclude that apportionment was appropriate because, even if claimant had fully recovered from his 2005 injury, the 2005 surgical procedure involving the excision of his meniscus in his right knee, standing alone, would have resulted in a 7V2% SLU finding and would have been amenable to a scheduled award. Inasmuch as the Board was entitled to credit Belmonte’s medical report and testimony concluding that claimant’s 2005 nonwork-related injury would have, if compensable, resulted in a SLU finding, which, we note, was not contradicted by any other proof in the record and consistent with the views expressed by Connolly, we find that the Board’s determination is supported by substantial evidence (see Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d at 838; compare Matter of Levitsky v Garden Time, Inc., 126 AD3d at 1265; Matter of Wilcox v Niagara Mohawk Power Corp., 69 AD3d at 1265).
 

 Egan Jr., J.P., Lynch and Rose, JJ., concur.
 

 Ordered that the decision is affirmed, without costs.