Matter of Ferrari v Frito Lay (2018 NY Slip Op 05980)





Matter of Ferrari v Frito Lay


2018 NY Slip Op 05980


Decided on September 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 6, 2018

525713

[*1]In the Matter of the Claim of JOSEPH FERRARI, Claimant,
v
FRITO LAY et al., Appellants, and CANADA DRY BOTTLING COMPANY OF NEW YORK et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: August 23, 2018

Before: Garry, P.J., Egan Jr., Devine, Clark and Aarons, JJ.


Lois LLC, New York City (Jeremy Janis of counsel), for appellants.
Cherry, Edson & Kelly, LLP, Melville (David W. Faber of counsel), for Canada Dry Bottling Company of New York and another, respondents.
Barbara D. Underwood, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a decision of the Workers' Compensation Board, filed December 19, 2016, which ruled, among other things, that apportionment applied to claimant's workers' compensation award.
Claimant injured his back while working for Frito Lay in February 2007, causing him to miss several weeks of work and receive workers' compensation benefits. He returned to work for Canada Dry Bottling Company of New York and, in January 2008, again injured his back at work. In March 2014, he was classified with a permanent total disability flowing from the 2008 injury. The Workers' Compensation Board reopened the files resulting from the 2007 and 2008 injuries so that an overlooked request for apportionment could be considered and amended awards issued. After further proceedings, the Board ultimately declined to consider the opinion of an orthopedist, Salvatore Corso, who performed an independent medical examination (hereinafter IME) of claimant. The Board relied upon other evidence to apportion claimant's permanent total disability equally between the 2007 and 2008 injuries. Frito Lay and the administrator of its workers' compensation policy (hereinafter collectively referred to as Frito Lay) now appeal.
We affirm. Initially, the reports prepared by Corso were properly precluded. Corso conducted an IME of claimant in August 2011 and the ensuing report, which apparently attributed claimant's disability to the 2007 injury and a preexisting degenerative condition, was precluded at a September 2011 hearing as having been submitted in violation of Workers' Compensation Law § 137 (1). Corso examined claimant again in November 2011 and issued an addendum in which he substantially revised his opinion regarding apportionment to take the 2008 injury into account [FN1]. The Board found the addendum to be an improper "second attempt" to proffer an opinion after the initial IME report was precluded, then went on to observe that the other parties were deprived of their "right to cross-examine" Corso regarding his opinion when he failed without explanation to appear for a scheduled deposition in 2016 (Matter of Campbell v Interstate Materials Corp., 135 AD3d 1276, 1277 [2016]; see Matter of Floyd v Millard Fillmore Hosp., 299 AD2d 610, 611 [2002]). Accordingly, even assuming that the preclusion of an initial IME report would not mandate preclusion of a later addendum offering a new opinion following a new examination, the Board properly precluded the addendum here in light of the inability to depose Corso (see Matter of Campbell v Interstate Materials Corp., 135 AD3d at 1277).
As for Frito Lay's challenge to the apportionment itself, "apportionment of a workers' compensation award presents a factual issue for resolution by the Board, [and] its decision will be upheld when it is supported by substantial evidence" (Matter of Sanchez v STS Steel, 154 AD3d 1027, 1028 [2017]; see Matter of Liebla v Gro Max, LLC, 148 AD3d 1489, 1490 [2017]). "Apportionment 'is appropriate where the medical evidence establishes that the claimant's current disability is at least partially attributable to a prior compensable injury'" (Matter of Campbell v Interstate Materials Corp., 135 AD3d at 1278, quoting Matter of Ford v Fucillo, 66 AD3d 1066, 1067 [2009]). In that regard, the Board credited the opinion offered by an orthopedist who, after conducting an IME of claimant and reviewing his medical records, concluded that this permanent total disability was equally attributable to the 2007 and 2008 injuries. The Board is vested with authority to resolve such questions of credibility and, as a result, we find substantial evidence in the record to support the Board's decision (see Matter of Sanchez v STS Steel, 154 AD3d at 1029; Matter of Liebla v Gro Max, LLC, 148 AD3d at 1491; Matter of Campbell v Interstate Materials Corp., 135 AD3d at 1278). Frito Lay's remaining contentions have been examined and lack merit.
Garry, P.J., Egan Jr., Clark and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Of the documents created by Corso, the record only contains the addendum. It is somewhat unclear whether the addendum relates to a second IME report, which was prepared after the November 2011 examination, or to the initial, precluded report. The operative facts are clear, however, with the addendum representing an attempt by Corso to proffer a second opinion regarding apportionment after his first was precluded.