Matter of Whitney v Pregis Corp. (2019 NY Slip Op 06828)





Matter of Whitney v Pregis Corp.


2019 NY Slip Op 06828


Decided on September 26, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 26, 2019

527172

[*1]In the Matter of the Claim of Keith G. Whitney, Appellant,
v
Pregis Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 11, 2019

Before: Egan Jr., J.P., Lynch, Mulvey and Devine, JJ.


Mraz & Gaud, PLLC, Albany (Amina Karic of counsel), for appellant.
Walsh & Hacker, Albany (Scott R. Toth of counsel), for Pregis Corporation and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed November 20, 2017, which ruled, among other things, that apportionment applied to claimant's workers' compensation award.
In December 2013, claimant, a maintenance technician, slipped and fell on ice, striking his head on the pavement. Claimant continued to work for the next few weeks until there was a gradual functional decline. His subsequent workers' compensation claim ultimately was established for injuries to his lower back, right hip and head, as well as traumatic brain injury, postconcussive syndrome, cognitive impairment and hydrocephalus. Shortly after the accident, claimant was diagnosed with multiple sclerosis (hereinafter MS). Thereafter, claimant sought to amend the claim to include trauma-induced MS, claiming that the MS was either directly induced or exacerbated by the work accident. The workers' compensation carrier controverted claimant's proposed amendment to the claim and requested apportionment of claimant's overall disability between the causally-related conditions and the MS. Following a hearing and submission of medical evidence, the Workers' Compensation Law Judge denied claimant's request to amend the claim and apportioned claimant's disability at 40% to the work-related injury and 60% to the unrelated, preexisting MS condition. The Workers' Compensation Board affirmed the decision. This appeal ensued.
Claimant contends that the Board erred in directing apportionment between his compensable injury and his preexisting MS condition. We agree. "As a general rule, apportionment is not applicable as a matter of law where the preexisting condition was not the result of a compensable injury and the claimant was able to effectively perform his or her job duties at the time of the work-related accident despite the preexisting condition" (Matter of Sanchez v STS Steel, 154 AD3d 1027, 1028 [2017] [internal quotation marks and citations omitted]; see Matter of Liebla v Gro Max, LLC, 148 AD3d 1489, 1490 [2017]; Matter of Levitsky v Garden Time, Inc., 126 AD3d 1264, 1264-1265 [2015]; Matter of Peck v Village of Gouverneur, 15 AD3d 735, 736 [2005], lv denied 5 NY3d 707 [2005]). "Significantly, degeneration and infirmities which have not previously produced disability are not a proper basis for reduction of compensation" (Matter of Hogan v Hilltop Manor of Niskayuna, 303 AD2d 822, 823 [2003] [internal quotation marks, ellipsis and citation omitted]; see Matter of Levitsky v Garden Time, Inc., 126 AD3d at 1265).
We note that the Board, other than apportioning claimant's disability, failed to set forth its reasoning as to why apportionment is applicable here. In any event, claimant's MS, although not diagnosed until after the work-related accident, was a preexisting condition. There is no evidence whatsoever that claimant's MS precluded him from performing the duties of his employment. As there is no evidence of an apportionable disability prior to the December 2013 accident, apportionment of claimant's award is, as a matter of law, inappropriate (see Matter of Lattanzio v Consolidated Edison of N.Y., 129 AD3d 1343, 1343-1344 [2015];Matter of Levitsky v Garden Time, Inc., 126 AD3d at 1264-1265; Matter of Morin v Town of Lake Luzerne, 100 AD3d 1197, 1197-1198 [2012], lv denied 21 NY3d 865 [2013]; Matter of Peck v Village of Gouverneur, 15 AD3d at 736; Matter of Nye v IBM Corp., 2 AD3d 1164, 1164-1165 [2003]; Matter of Hogan v Hilltop Manor of Niskayuna, 303 AD2d at 822-823; compare Matter of Liebla v Gro Max, LLC, 148 AD3d at 1490; Matter of McCloskey v Marriott Corp., 290 AD2d 671, 671-672 [2002]). The employer and its workers' compensation carrier's reliance on Matter of Cool v TP Brake & Muffler (305 AD2d 886 [2003]) is unpersuasive inasmuch as here, unlike in Matter of Cool, there was a preexisting condition, not a subsequent nonwork-related incident.
Egan Jr., J.P., Lynch and Devine, JJ., concur.
ORDERED that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.