Matter of Cox v Suburban Propane, LP (2020 NY Slip Op 00659)





Matter of Cox v Suburban Propane, LP


2020 NY Slip Op 00659


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

529047

[*1]In the Matter of the Claim of Barney A. Cox, Claimant,
v
Suburban Propane, LP, et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: January 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.


Goldberg Segalla LLP, Buffalo (Cory A. DeCresenza of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed October 9, 2018, which ruled, among other things, that apportionment did not apply to claimant's workers' compensation award.
Claimant, a service manager for the employer, was diagnosed with noncompensable lung cancer and underwent partial right lung removal surgery in May 2014. He was out of work for approximately six months and then returned to full-time work in the same managerial capacity in January 2015. On June 6, 2016, claimant was injured at work when he lifted a heavy propane tank, and he has not returned to work. He received ongoing temporary workers' compensation awards and his claim was established for injuries to his right shoulder and right chest and for thoracic strain. His claim was later amended to include causally-related aggravation of complex regional pain syndrome, a painful condition with which he had initially been diagnosed after his lung surgery. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issues of, among others, apportionment under Workers' Compensation Law § 15 (7) and loss of wage-earning capacity. Following a hearing and the submission of medical testimony and reports, a Workers' Compensation Law Judge found, among other things, that claimant's preexisting condition was not a compensable condition and that apportionment was not warranted. Upon review, the Workers' Compensation Board upheld the determination that apportionment was not applicable, and returned the matter to the calendar for further development of the record with regard to loss of wage-earning capacity and labor market attachment. The carrier appeals.
The carrier contends that the Board erred in finding that apportionment was inapplicable and should have equally apportioned the award between claimant's preexisting noncompensable condition and his 2016 compensable injury. We disagree. "As a general rule, apportionment is not applicable as a matter of law where the preexisting condition was not the result of a compensable injury and the claimant was able to effectively perform his or her job duties at the time of the work-related accident despite the preexisting condition" (Matter of Whitney v Pregis Corp., 175 AD3d 1731, 1731 [2019] [internal quotation marks and citations omitted]; accord Matter of Sanchez v STS Steel, 154 AD3d 1027, 1028 [2017]; see Matter of Lattanzio v Consolidated Edison of N.Y., 129 AD3d 1343, 1343 [2015]; Matter of Krebs v Town of Ithaca, 293 AD2d 883, 883-884 [2002], lv denied 100 NY2d 501 [2003]; see also Workers' Compensation Law § 15 [7]). Given that "apportionment of a workers' compensation award presents a factual issue for resolution by the Board, its decision will be upheld when it is supported by substantial evidence" (Matter of Sanchez v STS Steel, 154 AD3d at 1028; see Matter of Liebla v Gro Max, LLC, 148 AD3d 1489, 1490 [2017]).
As it was uncontroverted that the prior surgery and cancer condition was noncompensable, the dispute focused on whether, prior to the work-related injury, claimant was able to perform his job duties despite the preexisting condition. Claimant testified that, following his recovery from cancer treatment and surgery, he returned to work full time in the same managerial position and at the same salary, and that he did not thereafter miss any time at work due to the prior condition. He resumed the same duties, which he described as primarily administrative, management and clerical, including scheduling, inventory, ordering, designing, collections, billing, compliance and record maintenance, with some physical activity, such as unloading. Although his oncologist restricted him from working more than 40 hours per week or lifting in excess of 30 pounds, he testified that the lifting restriction did not impact his ability to perform his managerial duties, as there was usually someone else available to do the lifting. He further testified that, after his return to work, he continued to use some pain medication at night but did not take all of the medications that had been prescribed for his prior condition, as he was "doing great"; notwithstanding ongoing chest pain, it was sufficiently resolved to permit him to perform his job and he had full use of his right arm. Claimant continued to be monitored for his preexisting condition after he returned to work, but he received no treatment. On the day of his accident, he attempted to lift a tank that weighed in excess of the restriction because no one was available to do it, and he felt a pop and a burning sensation in the right side of his chest; since the accident, he has had, among other difficulties, incapacitating pain on the right side of his chest and has not been able to use his right arm or perform many daily tasks.
Substantial evidence supports the Board's factual determination that, although claimant had a noncompensable preexisting condition, he had returned to work and "was able to effectively perform his . . . job duties at the time of the work-related accident despite the preexisting condition" (Matter of Whitney v Pregis Corp., 175 AD3d at 1731 [internal quotation marks and citation omitted]; see Matter of Sanchez v STS Steel, 154 AD3d at 1028). Although claimant continued to experience ongoing pain from his prior condition and took prescribed pain medication, "the dispositive issue is not whether a claimant's preexisting condition was symptomatic but, rather, whether such condition was disabling" (Matter of Bruno v Kelly Temp Serv., 301 AD2d 730, 731 [2003]; accord Matter of Morin v Town of Lake Luzerne, 100 AD3d 1197, 1198 [2012], lv denied 21 NY3d 865 [2013]; see Matter of Levitsky v Garden Time, Inc., 126 AD3d 1264, 1265 [2015]; Matter of Hogan v Hilltop Manor of Niskayuna, 303 AD2d 822, 823 [2003]). As the evidence established that he was able to work full time and effectively perform his job for almost 18 months without missing work due to his prior condition, that condition was not disabling in a compensation sense within the meaning of Workers' Compensation Law § 15 (7) (see Matter of Whitney v Pregis Corp., 175 AD3d at 1732; Matter of Lattanzio v Consolidate Edison of N.Y., 129 AD3d at 1343-1344; Matter of Levitsky v Garden Time, Inc., 126 AD3d at 1265; Matter of Bruno v Kelly Temp Serv., 301 AD2d at 731; Matter of Krebs v Town of Ithaca, 293 AD2d at 884). Consequently, notwithstanding his work restrictions and the opinions of the medical experts that claimant's disability should be equally apportioned between his prior condition and his compensable injury, the Board correctly concluded that apportionment is not appropriate here, as a matter of law (see Matter of Whitney v Pregis v Corp., 175 AD3d at 1731-1732; Matter of Altobelli v Allinger Temporary Servs., Inc., 70 AD3d 1083, 1084-1085 [2010]; Matter of Bruno v Kelly Temp Serv., 301 AD2d at 731; Matter of Krebs v Town of Ithaca, 293 AD2d at 883-884). The carrier's remaining contentions have been reviewed and determined to be lacking in merit.
Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.