Matter of St. Aubin v Office of Children & Family Servs. (2020 NY Slip Op 03706)





Matter of St. Aubin v Office of Children & Family Servs.


2020 NY Slip Op 03706


Decided on July 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 2, 2020

529135

[*1]In the Matter of the Claim of Roland St. Aubin, Respondent,
v
Office of Children and Family Services et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: June 8, 2020

Before: Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.


Peter Cusick, State Insurance Fund, Albany, for appellants.
Law Firm of Alex Dell, PLLC, Albany (Nicholas A. Fusco of counsel), for Roland St. Aubin, respondent.



Clark, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed November 14, 2018, which ruled, among other things, that apportionment did not apply to claimant's workers' compensation award, and (2) from a decision of said Board, filed January 25, 2019, which denied the request of the employer and its workers' compensation carrier for reconsideration and/or full Board review.
In November 2013, claimant filed a claim for workers' compensation benefits alleging that he had injured his right shoulder and arm while at work in October 2003, over 10 years prior. Thereafter, there were varying medical opinions as to his loss of use of his right arm: two separate consultants obtained by claimant opined that he had a 55% scheduled loss of use (hereinafter SLU), whereas a consultant hired by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) found that claimant's shoulder injury was relatively minor, remote in time and not causally related to his 2003 accident. A Workers' Compensation Law Judge (hereinafter WCLJ), finding the carrier's consultant to be more persuasive, determined that claimant failed to establish that his right shoulder injury was causally related to the 2003 accident — as opposed to being a consequence of aging, as was evinced by the bilateral nature of his symptoms. It was therefore determined that claimant was not entitled to an SLU award for the 2003 injury, a determination that was upheld upon administrative appeal.
In August 2015, claimant sustained another injury to his right shoulder while at work, and his ensuing claim was established for injury to the right shoulder. Ultimately, a WCLJ found that claimant had a 50% SLU of the right arm that was causally related to the 2015 accident. The WCLJ rejected the carrier's assertion that there should be apportionment between the 2015 claim and the 2003 noncompensable injury, stating that the carrier had successfully argued at the time of the 2003 claim that one of claimant's consultants was not credible and that there was no SLU for the 2003 injury and that it would be contradictory to now reduce claimant's award based on that consultant's prior SLU opinion. The Workers' Compensation Board adopted the WCLJ's decision in full upon administrative appeal, and the carrier's subsequent application for reconsideration and/or full Board review was denied. These appeals ensued.
It is standard practice to apportion an SLU award involving two compensable injuries to the same body member and thus hold each carrier responsible for only that portion of the overall loss of use attributable to the injury covered by them (see Matter of Cody v Ark Glass & Glazing Corp., 182 AD3d 690, 691-692 [2020]; Matter of Johnson v City of New York, 180 AD3d 1134, 1137 [2020]; Matter of Genduso v New York City Dept. of Educ., 164 AD3d 1509, 1510 [2018]). That same principle is applicable to an SLU case involving a prior, noncompensable injury when the prior injury was disabling "in a compensation sense" before the occurrence of the subsequent injury (Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d 836, 837 [2006] [internal quotation marks and citations omitted]; see Matter of Sanchez v STS Steel, 154 AD3d 1027, 1028 [2017]; Matter of Picone v Putnam Hosp., 153 AD3d 1461, 1462 [2017]; see also Matter of Levitsky v Garden Time, Inc., 126 AD3d 1264, 1265 [2015]). Because an SLU award "is not given for an injury sustained, but[, rather,] for the residual permanent physical and functional impairments" to the subject body member (New York State Guidelines for Determining Permanent Impairment and Loss of Wage Earning Capacity § 1.5, at 10 [2012]; see Matter of Maunder v B & B Lbr. Co., 166 AD3d 1261, 1261 [2018]; Matter of Empara v New Rochelle Sch. Dist., 130 AD3d 1127, 1129 [2015], lv denied 26 NY3d 911 [2015]), the question is whether there is documented prior "loss of use, function or range of motion of the body member in question" (Employer: Trathen Logging Co., Inc., 2003 WL 21545736, *2, 2003 NY Wrk Comp LEXIS 84158, *4-5 [July 8, 2003]; see Matter of Sanchez v STS Steel, 154 AD3d at 1028; Matter of Picone v Putnam Hosp., 153 AD3d at 1462; Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d at 837; Employer: Mount Kisco Med. Grp., 2017 WL 1823675, *___, 2017 NY Wrk Comp LEXIS 4902, *14-15 [Jan. 10, 2017]). In other words, "apportionment may be applicable in an SLU case if the medical evidence establishes that the claimant's prior injury [to the same body member] — had it been compensable — would have resulted in an SLU finding" (Matter of Sanchez v STS Steel, 154 AD3d at 1028 [internal quotation marks, brackets and citation omitted]; see Matter of Picone v Putnam Hosp., 153 AD3d at 1462; Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d at 837).
We do not agree with the Board that, in order for it to have concluded that claimant had a documented prior injury or condition with respect to his right shoulder for the purpose of apportionment, it would have been required to take a position inconsistent with its determination in claimant's 2003 claim. In disallowing the 2003 claim, the Board adopted the WCLJ's findings and decision, and, although the WCLJ stated generally therein that it found the carrier's consultant to be the most persuasive, the WCLJ went on to explain that the basis for that finding was the disagreement among the consultants regarding causation. Specifically, the WCLJ was persuaded by testimony from the carrier's consultant that claimant's established medical condition is a common sign of aging and concluded only that claimant had failed to demonstrate, within a reasonable degree of medical certainty, that the 2003 accident was the cause of his right shoulder condition. Thus, while the Board is correct that the carrier successfully opposed claimant's request for an SLU finding for his 2003 injury, the request was denied on causation grounds, not because there was an affirmative finding of no loss of use to claimant's right arm. As there was no prior determination of the issue, the Board should have assumed compensability, including a causal connection between claimant's employment and the injury/condition, and determined whether, prior to the 2015 accident, claimant had loss of use, function or range of motion of his right arm. We remit the matter to the Board for such determination. In light of our disposition, we need not address the carrier's remaining contentions.
Egan Jr., J.P., Lynch, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are modified, without costs, by reversing so much thereof as found that apportionment was not warranted; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.