Matter of Fisher v Erie County Sheriff's Dept. (2021 NY Slip Op 03229)





Matter of Fisher v Erie County Sheriff's Dept.


2021 NY Slip Op 03229


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

530813
[*1]In the Matter of the Claim of Robert J. Fisher, Respondent,
v
Erie County Sheriff's Department et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:April 27, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Hamberger & Weiss LLP, Buffalo (Richard L. Holstein of counsel), for appellants.
Dolce Panepinto, PC, Buffalo (Holly L. Schoenborn of counsel), for Robert J. Fisher, respondent.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.



Colangelo, J.
Appeal from a decision of the Workers' Compensation Board, filed July 1, 2019, which ruled that apportionment did not apply to claimant's workers' compensation award.
Claimant injured his right knee while working in October 2016 and his claim for workers' compensation benefits was established. Twelve years earlier, claimant had injured this knee in an automobile accident that was unrelated to his employment. He was treated for that injury until 2011. Both injuries required surgery and, after the surgery for the 2016 injury, the parties addressed permanency and apportionment. Following a hearing, a Workers' Compensation Law Judge determined that claimant had a 50% schedule loss of use of the right leg, of which 75% is attributable to the 2016 work-related injury and 25% attributable to the 2004 nonwork-related injury. Upon administrative review, the Workers' Compensation Board rescinded that determination, finding that claimant has a 50% schedule loss of use (hereinafter SLU) of the right leg, but that apportionment with the 2004 injury is not applicable. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) appeal.
"As a general rule, apportionment is not applicable as a matter of law where the preexisting condition was not the result of a compensable injury and the claimant was able to effectively perform his or her job duties at the time of the work-related accident despite the preexisting condition" (Matter of Bremner v New Venture Gear, 31 AD3d 848, 848 [2006] [citations omitted]; accord Matter of Cox v Suburban Propane, LP, 179 AD3d 1425, 1425-1426 [2020]). "A limited exception to this general rule exists, however, insofar as apportionment may be applicable in an SLU case if the medical evidence establishes that the claimant's prior injury — had it been compensable — would have resulted in an SLU finding" (Matter of Sanchez v STS Steel, 154 AD3d 1027, 1028 [2017] [internal quotation marks, brackets and citations omitted]; see Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d 836, 838 [2006]).
Inasmuch as the carrier does not challenge the Board's finding that claimant has a 50% SLU of the right leg, the question presented is limited to whether his 2004 injury would have resulted in an SLU finding so as to warrant apportionment. In support of apportionment, the carrier relies on the testimony of Peter Gambacorta, claimant's treating orthopedic surgeon. Gambacorta was questioned regarding apportionment in light of the findings of the surgeon who had previously treated claimant from 2004 to 2011 and had reported varying flexion deficit ratings in the right knee during that time period. Gambacorta testified, however, that he had not reviewed those medical records and that any opinion he could reach regarding apportionment with the 2004 injury would be speculative. The medical expert who examined claimant on behalf of the carrier in 2017 and 2018 noted that claimant's [*2]right knee was nonsymptomatic for many years prior to the 2016 injury and that determining apportionment was "difficult." He concluded that claimant had a 31.5% SLU of the right knee with 50% apportioned to the 2004 injury. He did not offer any opinion, however, regarding whether the 2004 injury would have resulted in an SLU award. In light of the lack of a medical opinion that the 2004 injury would have resulted in an SLU award if it had been compensable, we will not disturb the Board's decision that there is insufficient evidence to conclude that apportionment was appropriate (see Matter of Wilcox v Niagara Mohawk Power Corp., 69 AD3d 1264, 1265 [2010]; cf. Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d at 838).
Garry, P.J., Egan Jr. and Lynch, JJ., concur.
ORDERED that the decision is affirmed, without costs.