Matter of Diamond v Warren County Sheriff's Office (2022 NY Slip Op 04071)

Matter of Diamond v Warren County Sheriff's Office

2022 NY Slip Op 04071

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

533068
[*1]In the Matter of the Claim of Robert Diamond Jr., Respondent,
v
Warren County Sheriff's Office, By and Through Warren County Self Insurance Plan, Appellant. Workers' Compensation Board, Respondent.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Lemire & Higgins, LLC, Malta (Christopher R. Lemire of counsel), for appellant.
Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for Robert Diamond Jr., respondent.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for Workers' Compensation Board, respondent.

Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed February 8, 2021, which ruled that claimant was entitled to a schedule loss of use award and that apportionment did not apply to that award.
In February 2018, claimant, a building maintenance mechanic for the employer, was injured when he slipped and fell during the course of his employment. As a result, claimant underwent surgical stabilization of a fracture to his right ankle. His claim for workers' compensation benefits was subsequently established. Thereafter, Adam Suslak, claimant's surgeon, opined that claimant had reached maximum medical improvement and, despite some confusion as to the proper method of calculation, had at least a 30% schedule loss of use (hereinafter SLU) of the right ankle. Although claimant reported that he had suffered an injury to his right ankle roughly 40 years prior, Suslak declined to offer an opinion as to apportionment based upon a lack of relevant information. Dominic Belmonte, a medical examiner who evaluated claimant on behalf of the self-insured employer, opined that claimant had a 30% SLU of the right ankle but asserted that 65% thereof was attributable to the prior injury. Thereafter, a Workers' Compensation Law Judge (hereinafter WCLJ) credited Belmonte's opinion and found that claimant had a 30% SLU of the right ankle, only 10.5% of which was causally related to the 2018 injury. On administrative review, the Workers' Compensation Board modified the WCLJ's decision, agreeing that claimant had a 30% SLU to the right ankle but finding that there was insufficient evidence to support a finding of apportionment. This appeal ensued.
"As a general rule, apportionment is not applicable as a matter of law where the preexisting condition was not the result of a compensable injury and the claimant was able to effectively perform his or her job duties at the time of the work-related accident despite the preexisting condition" (Matter of Hughes v Mid Hudson Psychiatric Ctr., 197 AD3d 1376, 1377 [2021] [internal quotation marks and citations omitted]). "'A limited exception to this general rule exists, however, insofar as apportionment may be applicable in an SLU case if the medical evidence establishes that the claimant's prior injury — had it been compensable — would have resulted in an SLU finding'" (Matter of Fisher v Erie County Sheriff's Dept., 194 AD3d 1285, 1286 [2021], quoting Matter of Sanchez v STS Steel, 154 AD3d 1027, 1028 [2017]). Accordingly, "'the determinative issue is whether the claimant's prior condition constitutes a disability in a compensation sense'" (Matter of Hughes v Mid Hudson Psychiatric Ctr., 197 AD3d at 1377 [brackets and ellipsis omitted], quoting Matter of Scally v Ravena Coeymans Selkirk Cent. School Dist., 31 AD3d 836, 837 [2006]). As apportionment of a workers' compensation claim thus presents a factual issue for the Board to resolve, its decision in this regard will be upheld where supported by substantial [*2]evidence (see Matter of Cox v Suburban Propane, LP, 179 AD3d 1425, 1426 [2020]; Matter of Levitsky v Garden Time, Inc., 126 AD3d 1264, 1264 [2015]).
The record reflects that claimant consistently reported to both medical examiners that he had suffered an unspecified injury to his right ankle roughly 40 years prior to the 2018 injury. Diagnostic imaging further confirmed that he had previously sustained a fracture to his right ankle. Belmonte acknowledged, however, that he did not know how, when or where the prior injury occurred or the extent to which claimant may have been impacted. Suslak similarly denied knowledge of such information. Moreover, the record contains no medical records or reports related to the prior injury and neither Belmonte nor Suslak reviewed any such documentation in arriving at their respective medical opinions. Significantly, the respective testimonies of both medical examiners reflect that claimant was able to continue to ambulate and work normally following his prior injury (see Matter of Hughes v Mid Hudson Psychiatric Ctr., 197 AD3d at 1377-1379). In rendering its determination, the Board was permitted to accept Belmonte's opinion as to the overall percentage SLU, but reject his opinion that the prior injury would have resulted in an SLU award as speculative (see Matter of Powers v State Material Mason Supply, 202 AD3d 1265, 1266 [2022]; Matter of Nasir v BJ's Wholesale Club, Inc., 189 AD3d 1951, 1953 [2020]; Matter of Napoli v Con Edison, 169 AD3d 1121, 1123-1124 [2019]). In view of the foregoing, the Board's finding that there is insufficient credible evidence to support the application of apportionment will not be disturbed (see Matter of Hughes v Mid Hudson Psychiatric Ctr., 197 AD3d at 1377; Matter of Wilcox v Niagara Mohawk Power Corp., 69 AD3d 1264, 1265 [2010]; Matter of Johnson v Feinberg-Smith Assoc., 305 AD2d 826, 828 [2003]; compare Matter of Montana v Orion Bus Indus., 303 AD2d 820, 821 [2003]).
Egan Jr., Clark, Aarons and McShan, JJ., concur.
ORDERED that the decision is affirmed, with costs.